[No. A018876. First Dist., Div. Three. Dec. 6, 1984.]

CATHERINE LUCAS KEECH et al., Plaintiffs and Appellants, v.
BERKELEY UNIFIED SCHOOL DISTRICT et al.,
Defendants and Respondents.

COUNSEL

Stephen H. Cornet and Erika S. Boyd for Plaintiffs and Appellants.

Philip Y. Kazan, Louis A. Leone and Boornazian, Jensen & Garthe for Defendants and Respondents.

OPINION

**SCOTT, J.**—Catherine Lucas Keech and John Scott Keech, plaintiffs below, appeal from an order of dismissal entered in favor of respondents, the Berkeley Unified School District (BUSD), Nancy L. Kaye, and David P. Tansey, after respondents' general demurrer was sustained with leave to

amend and appellants failed to amend their complaint within the required time. We affirm.

I

For purposes of this appeal, those factual allegations of the complaint which are properly pleaded are deemed admitted by respondents' demurrer. (*White* v. *Davis* (1975) 13 Cal.3d 757, 765 [120 Cal.Rptr. 94, 533 P.2d 222].) The complaint alleges that on or about January 19, 1981, appellants' 16-year-old child, Steven Christopher Keech, was admitted to Walnut Creek Hospital for psychiatric treatment and hospitalization. On or about January 23, 1981, appellant Catherine Keech submitted an application for special educational services on behalf of Steven to the BUSD Office of Specialized Educational Services. This application was made pursuant to Education Code section 56320 et seq., which provides for formal individual assessment of the special educational requirements of pupils with exceptional needs.

According to the complaint, respondents acted negligently with regard to appellants' application in the following particulars: respondents' failure to prepare an assessment until March 29, 1981, contrary to the provision in Education Code section 56321, subdivision (a), for submission of the assessment plan within 15 days; respondents' failure to inform appellants of their rights as parents within 15 days of submission of the application contrary to Education Code section 56321, subdivision (a); respondents' failure to prepare the assessment by a "multidisciplinary group of persons" in accordance with the language of Education Code section 56322 in effect at the time of appellants' application (Stats. 1980, ch. 1353, § 52, p. 4828, eff. Sept. 30, 1980); respondents' failure to utilize a full individualized education program (IEP) team at the first IEP meeting held on March 31, 1981, contrary to Education Code section 56341, subdivision (a); and respondents' change in assessment of Steven from recommending residential treatment to denying it. The complaint alleges that these negligent acts and omissions proximately caused injury to appellants, including the costs of extended hospitalization for Steven beyond what would otherwise have been necessary or desirable, attorneys' fees incurred in attempting to have Steven placed in a residential treatment center, and "extreme and severe emotional stress" brought on by respondents' "dilatory tactics" and the strain of being forced to go through a dependency proceeding. The complaint alleges three causes of action in general negligence, negligent infliction of emotional distress, and tortious failure to discharge mandatory governmental duty; and prays for damages of $5,497.75 for the costs of Steven's hospitalization, $1,650 in attorneys' fees incurred, and $100,000 for mental pain and suffering.

## II

■ To be actionable, a claim of negligence must be based on the existence of a legal duty to exercise due care. (*Peter W.* v. *San Francisco Unified Sch. Dist.* (1976) 60 Cal.App.3d 814, 820 [131 Cal.Rptr. 854].) ■ The existence of the requisite "duty of care" is a question of law. (*Thompson* v. *County of Alameda* (1980) 27 Cal.3d 741, 750 [167 Cal.Rptr. 70, 614 P.2d 728, 12 A.L.R.4th 701].)

On appeal, appellants have failed to point to a *common law* duty of care on the part of respondents, and we decline to create or construe such a duty under the facts of this case. Instead, appellants argue that respondents violated various duties allegedly mandated or implied by federal and state *statute*. Specifically, they urge that the Education of the Handicapped Act (the EHA) (Pub. L. No. 94-142, 20 U.S.C. §§ 1400-1461) and the provisions of the California Education Code dealing with Special Education Programs (Ed. Code, § 56000 et seq.) establish the duties allegedly breached by appellants here.

Appellants' complaint does not seek to enforce the provisions of these statutes or test the adequacy of the special education proposed or provided for Steven. In any case, although both the federal and the California statutory schemes establish certain guidelines and procedures to be followed in providing public education for emotionally and psychologically handicapped students, neither expressly sets forth any private cause of action for damages. Therefore, the viability of appellants' complaint must stand or fall on the existence of either an implied duty of care arising from the subject special education statutes, or an actionable failure to discharge a mandatory statutory duty. Neither of these theories has any merit.

### A

■ The allegations requisite to a cause of action for negligence are facts showing a duty of care in the defendant, negligence constituting a breach of duty, and injury to the plaintiff as a proximate result. (*Peter W.* v. *San Francisco Unified Sch. Dist., supra,* 60 Cal.App.3d at p. 820; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 450, p. 2103.) ■ Here, the issue is whether the provisions of either the Education Code sections cited in the complaint, or those of the EHA,[1] establish a statutory duty of care

---

[1] The federal act is referred to in Education Code section 56000, which specifically states the Legislature's intent to preserve, protect and promote the rights of those with exceptional needs under Public Law number 94-142. For purposes of our discussion here, we overlook the fact that appellants made no mention of either the EHA or Education Code section 56000 in their complaint.

to appellants. ■ To state a cause of action in tort based upon the violation of a statute, it must appear that at the time of the violation, the plaintiff was a member of the class for whose benefit the statute was enacted and that the event causing the alleged injury is of the precise nature the statute was specifically designed to prevent. In determining whether a statute creates an implied duty of care, the court must examine the purposes of the statute in the light of the evils which the statute was intended to reduce. ■ In other words, "actionable negligence depends upon a duty to protect a party from the damage suffered." (*Miglierini* v. *Havemann* (1966) 240 Cal.App.2d 570, 573-574 [49 Cal.Rptr. 795].)

■ Both the EHA and the applicable provisions of the California Education Code were undoubtedly enacted to afford certain substantive and procedural educational rights to emotionally and mentally handicapped children, as well as to their parents, and to relieve or erase the damage to those individuals and to society resulting from a denial of full educational opportunities. (Comment, *Education for Emotionally Disturbed Children in California* (1983) 17 U.S.F. L.Rev. 249; see 20 U.S.C. § 1400 et seq.; Ed. Code, §§ 56000, 56320-56322, 56341-56346.) But these statutes were not designed to protect the parents of an emotionally or mentally handicapped child from the monetary expenses incurred in providing medical, psychological or related services for their child during the time it takes the applicable governmental agencies to assess the child's special educational needs. Neither were these statutes designed to protect such parents from legal fees incurred in connection with obtaining special educational benefits, or from emotional distress suffered by the parents as a result of delays in making the statutory assessment. In short, the injuries suffered by appellants were not the kinds of harm which the statutes were designed to prevent or assuage. Appellants' complaint therefore failed to state any implied duty of care owed by respondents to appellants with respect to the particular injury suffered. (*Smith* v. *Alameda County Social Services Agency* (1979) 90 Cal.App.3d 929, 935-939 [153 Cal.Rptr. 712]; *Miglierini* v. *Havemann, supra,* 240 Cal.App.2d at pp. 573-574.)[2]

---

[2]The cases cited by appellants in support of their argument do not change this conclusion. These decisions for the most part concerned administrative claims for reimbursement of the costs of special education programs properly payable by state or local agencies. (*Christopher T.* v. *San Fran. Unif. Sch. Dist.* (N.D.Cal. 1982) 553 F.Supp. 1107; *Boxall* v. *Sequoia U. High Sch. Dist.* (N.D.Cal. 1979) 464 F.Supp. 1104; *Newport-Mesa Unified School Dist.* v. *Hubert* (1982) 132 Cal.App.3d 724 [183 Cal.Rptr. 334].) In *Anderson* v. *Thompson* (7th Cir. 1981) 658 F.2d 1205 [63 A.L.R.Fed. 197], the decision most heavily relied upon by appellants, the court specifically stated that the *only* damages which could be recovered would be reimbursement for costs of obtaining services which the school district was required to provide and pay for, adding: "In no event can we imagine that tort liability damages were intended." (*Id.,* at p. 1213, fn. 12; see also *Miener* v. *State of Mo.* (8th Cir. 1982) 673 F.2d 969, 979-980.)

B

■ Appellants' alternative theory is that respondents had a mandatory duty to comply with the procedural provisions of Education Code section 56000 et seq., and that failure to comply with these in timely fashion constituted an actionable tort. They cite and rely on Government Code section 815.6, which makes a public entity liable for failure to discharge "a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury," unless the entity establishes that "it exercised reasonable diligence to discharge the duty."[3]

We agree with appellants that the provisions of the Education Code cited in the complaint evince a legislative intent to establish specific time limits for assessing the appropriate special education to be afforded eligible handicapped children by appropriate public agencies. (Ed. Code, § 56321.) However, this intent alone is insufficient to establish a mandatory duty. By its express terms, Government Code section 815.6 "imposes liability for failure to discharge only such 'mandatory duty' as is 'imposed by an enactment that is *designed to protect against the risk of a particular kind of injury.*'" (*Peter W.* v. *San Francisco Unified Sch. Dist., supra,* 60 Cal.App.3d at p. 826, italics added.) Contrary to appellants' contention, the use of the word "shall" in the subject statutes is not conclusive. The controlling question is whether the enactment at issue was intended to impose an obligatory duty to take specified official action to prevent particular foreseeable injuries, thereby providing an appropriate basis for civil liability. (*Morris* v. *County of Marin* (1977) 18 Cal.3d 901, 910, & fn. 6 [136 Cal.Rptr. 251, 559 P.2d 606].) If injury of the kind sustained by appellants was not one of the consequences which the Legislature sought to prevent through imposition of the alleged mandatory duty, liability does not obtain under Government Code section 815.6. (*Shelton* v. *City of Westminster* (1982) 138 Cal.App.3d 610, 614-621 [188 Cal.Rptr. 205]; *State of California* ex rel. *Dept. of Rehabilitation* v. *Superior Court* (1982) 137 Cal.App.3d 282, 286-287 [187 Cal.Rptr. 1]; *Williams* v. *State of California* (1976) 62 Cal.App.3d 960, 969-971 [133 Cal.Rptr. 539].)

In its practical application, this standard for determining whether a mandatory duty exists is virtually identical to the test for an implied statutory duty of care. The statutes at issue were conceived as provisions directed to the attainment of stated educational goals, not as safeguards against "inju-

---

[3]Government Code section 815.6 provides in full: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty."

ry" of any kind. Specifically, the statutory provisions before us cannot reasonably be construed as designed to "protect" the parents of handicapped children from the "injury" of having to pay the costs of hospitalizing a disturbed child pending assessment of the appropriate form of special education to be afforded, much less the legal and emotional costs incurred in the process. The purpose of the procedural provisions is to encourage and promote the completion of the assessment process as quickly as possible, not to impose a mandatory time deadline on local agencies which they fail to meet at their peril. Clearly, society has a stake in furthering the provision of full educational opportunity to handicapped children; but it does not follow that this interest is advanced by transforming statutory procedural provisions for special educational assessment into springboards for private damage suits. (*Smith* v. *Alameda County Social Services Agency, supra,* 90 Cal.App.3d at p. 940.)

In short, the code provisions at issue here are administrative rather than protective. Their violation accordingly imposes no liability under Government Code section 815.6. (*Peter W.* v. *San Francisco Unified Sch. Dist., supra,* 60 Cal.App.3d at pp. 826-827.)

The order of dismissal is affirmed.

White, P. J., and Barry-Deal, J., concurred.