[No. B018129. Second Dist., Div. Five. Dec. 1, 1986.]

MICHAEL TIRPAK, a Minor, etc., et al., Plaintiffs and Appellants, v. LOS ANGELES UNIFIED SCHOOL DISTRICT et al., Defendants and Respondents.

---

## COUNSEL

Newman, Aaronson, Krekorian, Vanaman and Valerie Vanaman for Plaintiffs and Appellants.

La Follette, Johnson, Schroeter & DeHaas, La Follette, Johnson, DeHaas & Fesler and Dennis R. Spirgen for Defendants and Respondents.

---

## OPINION

**EAGLESON, J.**—In this case, we consider whether alleged violations of the suspension and expulsion provisions of the Education Code give rise to an actionable tort against a school district. We conclude that they do not.

Plaintiffs, Michael Tirpak, a minor (Michael), and his mother and guardian ad litem, Patricia Allen Tirpak (Patricia), both in her individual capacity and in her capacity as guardian ad litem, appeal from a judgment of dismissal entered after defendants' demurrer to a second amended complaint was sustained without leave to amend. We affirm.

### FACTS

The allegations of the two-count complaint, deemed to be true for purposes of review on appeal, reveal that Michael, age nine, was suspended from school for five days. At the completion of that five-day suspension, defendant Marianne Weil, the school psychologist, orally informed Patricia that her son could not return to school because he required hospitalization in a psychiatric setting. Patricia permitted Michael to be placed at a county hospital. He remained there until April 1984, when Patricia removed him because he reported that he was being abused and wished to kill himself.

Thereafter, Patricia called various employees of defendant Los Angeles Unified School District (District) in an effort to have Michael readmitted to school.[1] Readmission was refused. At no time did District commence exclusion proceedings required by state law. As a result of these actions, Michael was illegally denied access to public education for the months of May and June 1984, and deprived of all educational services during that time. Michael and his mother both seek damages for mental, physical and nervous pain and suffering, medical and educational expenses, and loss of earning capacity of both of them.

DISCUSSION

I

BREACH OF MANDATORY DUTY

We analyze the allegations of the first cause of action alleging tortious breach of a mandatory duty in light of certain well-established principles. ■ A public entity is not liable for an injury except as otherwise provided by statute. (Gov. Code, § 815, subd. (a); *Peterson* v. *San Francisco Community College Dist.* (1984) 36 Cal.3d 799, 809 [205 Cal.Rptr. 842, 685 P.2d 1193].) There is no duty at common law to provide general educational services. (*Keech* v. *Berkeley Unified School Dist.* (1984) 162 Cal.App.3d 464, 468 [210 Cal.Rptr. 7]; *Peter W.* v. *San Francisco Unified Sch. Dist.* (1976) 60 Cal.App.3d 814, 825 [131 Cal.Rptr. 854].) The existence of the requisite duty of care is a question of law. (*Thompson* v. *County of Alameda* (1980) 27 Cal.3d 741, 750 [167 Cal.Rptr. 70, 614 P.2d 728, 12 A.L.R.4th 701].)

■ Plaintiffs argue that statutory liability exists under Government Code section 815.6.[2] This section imposes liability upon a public entity where there is a breach of "a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury."

■ There is a three-prong test for ascertaining if liability may be imposed on a public entity under this statute. These three prongs are: "(1) an enactment must impose a mandatory, not discretionary, duty [citation]; (2) the enactment must intend to protect against the kind of risk of injury suffered

---

[1]Defendant Weil and the District are hereinafter collectively referred to as District.

[2]Section 815.6 provides: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty."

by the party asserting section 815.6 as a basis for liability [citations]; and (3) breach of the mandatory duty must be a proximate cause of the injury suffered." (*State of California* v. *Superior Court* (1984) 150 Cal.App.3d 848, 854 [197 Cal.Rptr. 914].)

Plaintiffs assert that each prong of this three-part test has been met. They claim that article IX of the California Constitution, sections 1 and 5, impose upon the Legislature an obligation to encourage the "intellectual, scientific, moral and agricultural improvement" of California's residents and a duty to provide free schools throughout the state.

Plaintiffs continue that in compliance with this constitutional directive the Legislature has enacted Education Code section 48200,[3] which requires that all children between the ages of six and sixteen who are not otherwise exempt be provided access to an educational setting. The suspension and exclusion procedures of sections 48900, 48911 and 48918 ensure that the right of access to a free education will not be arbitrarily denied.[4] From this constitutional and statutory scheme, plaintiffs reason that there emerges a mandatory duty upon District to ensure that students have access to a free education. This duty allegedly was breached when District did not follow sections 48911 and 48918 in denying Michael readmission to school. Economic injury proximately resulted therefrom.

District argues that the statutes alluded to are provisions directed to the attainment of stated educational goals, not safeguards against "injury" of any kind. It continues that sections 48900, 48911 and 48918 are part of a comprehensive set of procedural guidelines found in the Education Code, which are administrative in nature and intended to provide due process. Since it is clear that these provisions of the Education Code were not designed to protect students and their parents from money damages resulting from "educational" injuries, plaintiffs have failed to state facts sufficient to constitute a cause of action. We agree.

A similar question was presented in *Keech* v. *Berkeley Unified School Dist.*, *supra*, 162 Cal.App.3d 464. In that case, the parents of an emotionally disturbed boy applied for special educational services on his behalf. The parents alleged five specific acts of negligence by the defendant school

---

[3]All further statutory references are to the Education Code unless otherwise noted.

[4]Section 48900 decrees, in short, that a pupil shall not be suspended from school or recommended for expulsion unless there is a prior determination that the pupil has committed one or more of a series of specific acts.

Section 48911 sets up a compulsory administrative hearing procedure if the pupil is to be suspended from school. Section 48918 outlines extensive procedures that govern expulsion from school. Both sections require that these procedures be followed before a pupil can be excluded from school.

district in processing of the application. It was further alleged that these negligent acts proximately caused injury to plaintiffs, including the costs of extended hospitalization, attorney's fees and emotional distress. The parents claimed, inter alia, that the district was liable under Government Code section 815.6 for breaching its mandatory duty to process the application properly as required by Education Code sections 56321, 56322 and 56341. The district demurred, contending that the cited statutes could not support liability under Government Code section 815.6 because they were not designed to protect against economic damages. The demurrer was sustained without leave to amend. The parents appealed from the ensuing judgment of dismissal.

In affirming the dismissal, the court stated: "By its express terms, Government Code section 815.6 'imposes liability for failure to discharge only such "mandatory duty" as is "imposed by an enactment that is *designed to protect against the risk of a particular kind of injury.*"' [Citation omitted, italics in original.] . . . The controlling question is whether the enactment at issue was intended to impose an obligatory duty to take specified official action to prevent particular foreseeable injuries, thereby providing an appropriate basis for civil liability. [Citation omitted.] If injury of the kind sustained by appellants was not one of the consequences which the Legislature sought to prevent through imposition of the alleged mandatory duty, liability does not obtain under Government Code section 815.6. [Citations omitted.] [¶] . . . The statutes at issue were conceived as provisions directed to the attainment of stated educational goals, not as safeguards against 'injury' of any kind. Specifically, the statutory provisions before us cannot reasonably be construed as designed to 'protect' the parents of handicapped children from the 'injury' of having to pay the costs of hospitalizing a disturbed child pending assessment of the appropriate form of special education to be afforded, much less the legal and emotional costs incurred in the process. The purpose of the procedural provisions is to encourage and promote the completion of the assessment process as quickly as possible, not to impose a mandatory time deadline on local agencies which they fail to meet at their peril. Clearly, society has a stake in furthering the provision of full educational opportunity to handicapped children; but it does not follow that this interest is advanced by transforming statutory procedural provisions for special educational assessment into springboards for private damage suits. [Citation omitted.]" (*Keech* v. *Berkeley Unified School Dist.*, *supra*, 162 Cal.App.3d at pp. 470-471.)

The court, in part, relied upon *Peter W.* v. *San Francisco Unified Sch. Dist.*, *supra*, 60 Cal.App.3d 814, where the plaintiff claimed to have been inadequately educated while a student in the public school system. He attempted to state causes of action in negligence and breach of mandatory

duty under Government Code section 815.6 against public authorities who operated and administered the system. The appellate court upheld a judgment of dismissal entered after the plaintiff did not amend a complaint to which a general demurrer had been sustained. It held that "the failure of educational achievement may not be characterized as an 'injury' within the meaning of tort law." (*Id.*, at p. 826.)

In this case, sections 48900, 48911 and 48918 can only be read as part of a comprehensive legislative scheme designed to ensure procedural fairness in suspension and expulsion proceedings. Although, these sections are broader than those litigated in *Keech* because they apply to all children, they clearly retain their administrative character. They do not expressly set forth a private cause of action for damages for breach of their provisions. And we otherwise do not discern a mandatory duty of care owed to plaintiffs with respect to economic damages arising from educational injury. The appropriate remedy for a breach of these statutory provisions is to proceed by way of administrative mandamus or injunction to enforce the procedures contained therein. (See, e.g., *John A.* v. *San Bernardino City Unified School Dist.* (1982) 33 Cal.3d 301 [187 Cal.Rptr. 472, 654 P.2d 242].)

Plaintiffs seek to avoid this conclusion by distinguishing *Keech* and *Peter W.* They argue that the injury alleged in those cases related solely to achievement and quality, not to the wrongful total deprivation of education. This distinction begs the issue because this case, like those, turns on whether there is a mandatory or implied duty created by enactment, the breach of which translates into an actionable tort. We have held that no such duty exists here.

As a variation on their main theme, plaintiffs claim that "the duty to insure that students have access to an education is also part of the *general duty* to supervise students with regard to their public education." (Italics in original.)

The cases cited by plaintiffs in support of this assertion all involve suits for personal injury of students either in school or under some type of school supervision. They establish only that school authorities have a duty to exercise reasonable care for the physical safety of students under their supervision.[5] Here, however, we are confronted with a situation where the

[5]These cases include *Hoyem* v. *Manhattan Beach City Sch. Dist.* (1978) 22 Cal.3d 508 [150 Cal.Rptr. 1, 585 P.2d 851]; *Dailey* v. *Los Angeles Unified Sch. Dist.* (1970) 2 Cal.3d 741 [87 Cal.Rptr. 376, 470 P.2d 360]; *Castro* v. *Los Angeles Bd. of Education* (1976) 54 Cal.App.3d 232 [126 Cal.Rptr. 537]; *Calandri* v. *Ione Unified School Dist.* (1963) 219 Cal.App.2d 542 [33 Cal.Rptr. 333]; and *Satariano* v. *Sleight* (1942) 54 Cal.App.2d 278 [129 P.2d 35].

damages are "economic" and not the result of personal injury. Moreover, the thrust of the instant claim is that the economic damage resulted from denial of access to education, not negligent conduct of a district while in the process of supervising educational pursuits.

## II

### NEGLIGENT BREACH OF IMPLIED DUTY

The second cause of action sounds in negligence for failure to perform the implied duties set forth in the first cause of action.

■ According to familiar California law, the allegations required to plead a cause of action for negligence are (1) facts showing a duty of care in the defendant, (2) negligence constituting a breach of the duty, and (3) injury to the plaintiff as a proximate result. (*Peter W.* v. *San Francisco Unified Sch. Dist., supra,* 60 Cal.App.3d at p. 820.)

■ Since there is no common law duty to provide an education (*Keech* v. *Berkeley Unified School Dist., supra,* 162 Cal.App.3d at p. 468), plaintiffs seek to circumvent this limitation by arguing that the relevant constitutional and statutory enactments create an implied duty on the part of District to provide access to an education. Breach of this duty gives rise to an action in tort.

■ Again, appellate courts have relied on two factors in determining whether a statute implies a duty of care giving rise to civil liability—first, whether the plaintiff was a member of the class for whose benefit the statute was enacted, and, second, whether the injury was of the type that the statute was specifically designed to prevent. (*Keech* v. *Berkeley Unified School Dist., supra,* 162 Cal.App.3d at p. 469.)

■ In their opening brief, plaintiffs concede that the underlying basis for their two causes of action is the same. As the court pointed out in *Keech* at page 470: "In its practical application, [the] standard for determining whether a mandatory duty exists is virtually identical to the test for an implied statutory duty of care." In sum, while there is a semantic distinction in the labels attached to each cause of action, there is no legal difference in the analytic process to determine the existence of a duty of care. This analysis leads us to the same result reached with respect to the first cause of action.

We conclude that the referenced statutes, like those discussed in *Keech* and *Peter W.,* do not create an implied duty of care, the negligent breach

of which gives rise to a cause of action for educational injury resulting in economic damage.

#### DISPOSITION

The judgment is affirmed.

Feinerman, P. J., and Hastings, J., concurred.

Appellants' petition for review by the Supreme Court was denied February 25, 1987.