[No. D016711. Fourth Dist., Div. One. Aug. 7, 1992]

THE STATE OF CALIFORNIA, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
USHANA D. et al., Real Parties in Interest.

## Counsel

Daniel E. Lungren, Attorney General, Marvin Goldsmith, Assistant Attorney General, Luis R. Vargas and Karen M. Walter, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Kenneth H. Stone, Gary S. Plavnick, McInnis, Fitzgerald, Rees, Sharkey & McIntyre, Steven J. Cologne and Earl H. Maas for Real Parties in Interest.

## OPINION

**HUFFMAN, J.**—This case raises the question whether Education Code,[1] section 44346, subdivision (a)(2) creates a mandatory duty under Government Code, section 815.6 on the part of governmental entities to deny a teaching credential to an applicant who has been convicted of a sex offense, making those entities liable to the students the teacher subsequently molests for negligently investigating his background. We conclude that while section 44346 clearly was designed to protect students from exposure to sex offenders, it does not confer a tort cause of action on molested students.

### Background

Section 44346, subdivision (a)(2) provides:

"(a) The commission [on Teacher Credentialing] shall deny any application for the issuance of a credential . . . made by any applicant who comes within any of the following classes:

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(2) Has been convicted of any sex offense as defined in Section 44010."[2]

In their complaints for money damages, plaintiffs/real parties in interest Ushana D. and Sheneka S. allege section 44346, subdivision (a)(2) placed on petitioner State of California (State) a mandatory duty to deny defendant Ernest Booker Brown a teaching credential because he had been convicted of a sex offense in Florida. They allege the commission negligently performed a background investigation on Brown who sexually abused Ushana between 1987 and 1989 and Sheneka between 1986 and 1989, and make similar allegations against real party in interest San Diego Unified School District (San Diego). San Diego has filed a cross-complaint for indemnity and declaratory relief.

The State filed a motion for summary judgment, in which San Diego joined, arguing section 44346, subdivision (a)(2) did not impose a mandatory duty; it was not intended as a vehicle for damages actions against the

---

[1]All statutory references are to the Education Code unless otherwise specified.

[2]Section 44346, subdivision (b) states:

"Notwithstanding paragraph[ ] (2) . . . of subdivision (a), no person shall be denied a credential solely on the basis that he or she has been convicted of a crime specified in paragraph[ ] (2) . . . of subdivision (a) if the person has obtained a certificate of rehabilitation under section 4852.01 and following of the Penal Code, and if his or her probation has been terminated and the information or accusation has been dismissed pursuant to Section 1203.4 of the Penal Code."

State; any failure to carry out a duty did not proximately cause the plaintiffs' injuries; and the State exercised reasonable diligence in discharging any duty. The trial court denied the motion, concluding section 44346, subdivision (a)(2) imposed on the State a mandatory duty to deny Brown a credential, and finding there was a triable issue of fact as to the State's reasonable diligence in discharging that duty. The instant writ petition followed.

On October 1, 1977, a Florida jury found Brown guilty of fondling a female child.[3] The court withheld adjudication of guilt and on January 25, 1978, placed him on five years' probation. No further disposition of that charge appears in the record. Florida criminal history records show the disposition as "DISP-ACQUITTED."

San Diego employed Brown beginning in September 1986, apparently under a temporary teaching certificate. On February 3, 1987, the commission received his credential application and supporting documents including two fingerprint cards which it submitted to the California Department of Justice (DOJ). On the application Brown denied any sex offense convictions. On March 11, 1987, a DOJ employee determined by searching departmental records that there was no California criminal history under Brown's name and birthdate. One fingerprint card was sent to DOJ's automated fingerprint identification system section. That process turned up nothing. DOJ noted on the card Brown had no California criminal record and sent it to the commission. DOJ mailed the second fingerprint card to the Federal Bureau of Investigation (FBI) which returned it by mail after failing to turn up any criminal convictions. FBI records showed Brown had been acquitted of fondling a child. The commission issued Brown a one-year nonrenewable emergency credential valid from September 1, 1986, to October 1, 1987.

### Discussion

Government Code, section 815.6 provides: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty." Thus, imposition of liability here requires a determination that section 44346, subdivision (a)(2) sets forth a mandatory, not discretionary, duty; it was intended to protect against the kind of injury plaintiffs suffered; and breach of the mandatory duty proximately caused the

---

[3]He was acquitted by the jury of a second alleged sex offense.

injuries. (*MacDonald* v. *State of California* (1991) 230 Cal.App.3d 319, 327 [281 Cal.Rptr. 317].)[4]

■ The term "mandatory duty" in Government Code, section 815.6 is unrelated to the legal doctrine concerning "directory" and "mandatory" provisions:

"As used in [Government Code] section 815.6, the term 'mandatory' refers to an obligatory duty which a governmental entity is required to perform, as opposed to a permissive power which a governmental entity may exercise or not as it chooses. By contrast, the 'directory' or 'mandatory' designation does not refer to whether a particular statutory requirement is 'permissive' or 'obligatory,' but instead simply denotes whether the failure to comply with a particular procedural step will or will not have the effect of invalidating the governmental action to which the procedural requirement relates." (*Morris* v. *County of Marin* (1977) 18 Cal.3d 901, 908-910 [136 Cal.Rptr. 251, 559 P.2d 606]; accord *People* v. *McGee* (1977) 19 Cal.3d 948, 958-963 [140 Cal.Rptr. 657, 568 P.2d 382].)

■ While section 44346, subdivision (a)(2) may be a mandatory provision, a question we have no occasion to decide here, it does not follow that it sets forth a mandatory duty which is privately enforceable or that governmental entities are liable to molested students for negligent investigation of a credential applicant. There is no indication that the Legislature intended to impose a duty which would provide a basis for civil liability. (See *Keech* v. *Berkeley Unified School Dist.* (1984) 162 Cal.App.3d 464, 470 [210 Cal.Rptr. 7]; *Clausing* v. *San Francisco Unified School Dist.* (1990) 221 Cal.App.3d 1224, 1239 [271 Cal.Rptr. 72]; *Tirpak* v. *Los Angeles Unified School Dist.* (1986) 187 Cal.App.3d 644, 645 [232 Cal.Rptr. 61].) While clearly society has an interest in protecting schoolchildren from molestation, this does not mean that statutory guidelines for the denial of teaching credentials must be transformed into vehicles for private damage suits. (See *Keech* v. *Berkeley Unified School Dist., supra*, 162 Cal.App.3d at p. 471.) In view of the lack of any indication the Legislature intended to make petitioners liable in damages for Brown's conduct (*MacDonald* v. *State of California, supra*, 230 Cal.App.3d at p. 332), we determine section 44346 does not create a private cause of action for failure to deny a credential to a convicted sex offender. We conclude the trial court erred in denying summary judgment and therefore grant the petition.

---

[4]We assume, for discussion, that Brown was convicted, finding it unnecessary to determine whether this is in fact so. Nor need we reach the questions of rehabilitation under 44346, subdivision (b), or the sufficiency of the State's investigation.

*Disposition*

Let a peremptory writ issue directing the superior court to vacate its order and to enter a new and different order granting summary judgment. The stay issued May 13, 1992, is vacated.

Work, Acting P. J., and Todd, J., concurred.

A petition for a rehearing was denied August 26, 1992, and the petition of real parties in interest for review by the Supreme Court was denied October 22, 1992. Mosk, J., and Baxter, J., were of the opinion that the petition should be granted.