Charles **CLEMENS** and Leta
Clemens, Plaintiffs,

v.

**ALUMINUM COMPANY OF AMERICA, INC., the United States of America, Norris Industries, Inc., et al., Defendants.**

**No. CV F–89–431 EDP.**

United States District Court,
E.D. California.

Nov. 4, 1989.

———

Frank C. Damrell, Jr., and Fred A. Silva, Damrell, Damrell & Nelson, Modesto, Cal., for Aluminum Co. of America, Inc.

Mark E. Cullers, Asst. U.S. Atty., Fresno, Cal., for U.S.

Charles E. Osthimer III, Vincent M. Marsella, Wright, Robinson, McCammon, Osthimer & Tatum, San Francisco, Cal., for Norris Industries, Inc.

**MEMORANDUM DECISION RE: MOTION OF THE UNITED STATES TO DISMISS**

PRICE, District Judge.

On May 16, 1986, plaintiffs wrote a letter to the "Staff Judge Advocate: ATTN: Claims Branch (Tort), Fort Ord, California 93941–5888." In that letter, plaintiffs state that since August of 1985, they had been furnished with bottled water because their well was contaminated. Attached to the letter was a claim form stating that plaintiffs had sustained $115,000.00 property damage, but no amount of damages for personal injuries. The claim was denied.

On June 14, 1989, plaintiffs filed a complaint in this court for both property damage and personal injuries. The government has moved to dismiss the portion of the complaint that seeks damage for personal injuries.

Title 28 of the United States Code, Section 2675 provides:

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

(b) Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably dis-

coverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

(c) Disposition of any claim by the Attorney General or other head of a federal agency shall not be competent evidence of liability or amount of damages.

Plaintiffs' counsel seeks to avoid dismissal on the grounds that the contents of plaintiffs' letter and claim fully informed the government of plaintiffs' claim that their well was contaminated. However, plaintiffs' contention is only half right. Plaintiffs' letter and claim informed the appropriate agency, i.e., the Army, that plaintiffs had sustained property damage in the amount of $115,000.00 from the contaminated well. The letter and claim form further informed the Army that as of that date, they had not suffered any personal injury. Presumably, if they have suffered personal injury, the onset of the injuries occurred after May 16, 1986, and before June 14, 1989.

Plaintiffs' situation is not similar to that presented in *Broudy v. United States*, 722 F.2d 566 (9th Cir.1983). In *Broudy* the plaintiff filed a claim setting forth the date and location of the accident, the nature and extent of the injury, the dollar amount of the claim, and a description of how the accident happened. In *Broudy*, when the plaintiff filed suit, she included an additional theory of liability, i.e., failure to warn the decedent of the danger of radiation contamination.

Here, plaintiffs assert, under oath, that the injuries and damages described are the only injuries sustained. It does not follow, as the day follows the night, that well water contamination necessarily means that personal injuries will result.

Plaintiffs' complaint, insofar as it claims damages for personal injuries against the United States, is dismissed.