891 F.2d 295
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert LEPPALUOTO, and Judina Leppaluoto, doing business as
Leppaluoto Offshore Marine, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 89-35003.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1989.*
Decided Dec. 7, 1989.
 
 Before BROWNING, SCHROEDER and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellants, Robert and Judina Leppaluoto, bring this action under the Federal Tort Claims Act ("FTCA"), alleging negligence on the part of the United States in connection with Coast Guard inspections, repair requirements, and refusal by the Secretary of Transportation to issue a temporary certificate of inspection until repairs were completed. They also accuse the Coast Guard of filing false federal lawsuits against them. The claims arose from inspections in June of 1984 and a Coast Guard rescue operation in April of 1982. Their original complaint was filed on July 30, 1987. In August 1988 they moved to amend their original complaint to reorganize their claims pursuant to the Federal Tort Claims Act.
 
 
 3
 The district court declined to permit the amendments, holding that most of the causes of action were governed by the Suits In Admiralty Act ("SIAA") and were barred by the Act's two-year statute of limitations provision. 46 U.S.C. § 745. The district court further dismissed appellants' remaining claims of defamation and misrepresentation for failure to comply with the administrative claims requirement of the FTCA. 28 U.S.C. § 2675(a). This appeal followed.
 
 
 4
 The FTCA does not allow a suit where the allegations are cognizable under the SIAA. 28 U.S.C. § 2680(d). A cause of action arises in admiralty when it arises on the high seas or navigable waters of the United States and relates to traditional maritime activity. Foremost Insurance Co. v. Richardson, 457 U.S. 668, 674, 102 S.Ct. 2654, 73 L.Ed.2d 300 (1982); Executive Jet Aviation, Inc. v. City of Cleveland, 409 U.S. 249, 253, 261, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972). A cause of action is said to arise on the navigable waters of the United States when the incident giving rise to the claim occurs on waters subject to the ebb and flow of tides. Executive Jet, 409 U.S. at 253; In re Paradise Holdings, Inc., 795 F.2d 756, 759 (9th Cir.1986). The three incidents giving rise to appellants' causes of action occurred in Ventura Harbor, Channel Islands Harbor, and three miles seaward of Santa Barbara, all California waters subject to the ebb and flow of tides. See Complaint of Paradise Holdings, 795 F.2d at 759 (tidal waters qualify as waters subject to the ebb and flow of tides).
 
 
 5
 Vessel inspection laws and activities aimed at determining whether a vessel is seaworthy and properly maintained are clearly part of maritime law and traditional maritime activity. See 46 U.S.C. §§ 2103, 2104; 33 C.F.R. § 1.01-1; 46 C.F.R. §§ 189.01, 189.15-1; Executive Jet, 409 U.S. at 270; see also Bubla v. Bradshaw, 795 F.2d 349 (4th Cir.1986). Coast Guard rescue operations are also cognizable in admiralty. See Huber v. United States, 838 F.2d 398, 399-401 (9th Cir.1988) (Coast Guard's negligent rescue operation created a cause of action in admiralty). Thus, the district court did not err in holding that most of the appellants' claims were governed by the SIAA.
 
 
 6
 Appellants filed their complaint over three years after the alleged wrongful activities occurred. Hence, their claims in admiralty were clearly time barred under the SIAA's two-year statute of limitations provision. 46 U.S.C. § 745. Appellants contend they should be protected against the SIAA's limitations provision by tolling. However, our circuit has found that the statutory bar is jurisdictional. See Roberts v. United States, 498 F.2d 520, 526 (9th Cir.), cert. denied, 419 U.S. 1070 (1974).
 
 
 7
 The district court properly dismissed appellants' remaining claims of defamation and misrepresentation; appellants failed to comply with the administrative claims requirement of the FTCA. In order to be valid, a claim under the FTCA must give an agency sufficient notice to begin an investigation. 28 U.S.C. § 2675(a); Warren v. United States Dep't. of Interior Bureau of Land Management, 724 F.2d 776, 780 (9th Cir.1984). The only claim sent by appellants to the Department of Transportation was an invoice. It failed to set forth any dates or describe any incidents or injuries upon which an agency could make an investigation. See, e.g., Shipek v. United States, 752 F.2d 1352, 1355 (9th Cir.1985) (valid claim described location and dates of radiation exposure, and illness and death that followed); Broudy v. United States, 722 F.2d 566, 568 (9th Cir.1983) (valid claim described date of accident, nature and extent of injury, and description of how accident occurred).
 
 
 8
 Finally, the district court did not abuse its discretion in refusing to allow appellants to amend their complaint. Amendments to pleadings are not allowed when they are in and of themselves defective. Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir.1986) (en banc). Here, appellants' proposed amendments were defective as they alleged claims which were barred by judicial and prosecutorial immunities. See id.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3