**A. J. MYERS, Appellant,**

v.

**UNITED STATES of America and McLaughlin, Inc., a corporation, Appellees.**

**Walter James WEAVER, et ux., Appellants,**

v.

**UNITED STATES of America and McLaughlin, Inc., a corporation, Appellees.**

**Nos. 18543, 18544.**

United States Court of Appeals Ninth Circuit.

Oct. 16, 1963.

James K. Tallman, William H. Sanders and Bailey E. Bell, Anchorage, Alaska, for appellants.

Warren C. Colver, U. S. Atty., James R. Clouse, Jr., Asst. U. S. Atty., of Hughes, Thorsness & Love, and David H. Thorsness, Anchorage, Alaska, for appellees.

Before BARNES, HAMLEY and JERTBERG, Circuit Judges.

JERTBERG, Circuit Judge.

Each of the appellants appeals from a judgment of the District Court denying recovery of damages sought against each

appellee. The two cases were consolidated for trial before the District Court, and have been consolidated for hearing before this Court. Trial was to the court and the opinion of the District Court will be found in 210 F.Supp. commencing at page 695.

The cause was tried on a second amended complaint of each appellant. In each complaint, each appellant sought to recover damages against the United States and McLaughlin, Inc., a corporation, arising out of the construction by McLaughlin, Inc., of a road known as the Wasilla-Big Lake Junction Road, under contract with the Bureau of Public Roads in the year 1959, across portions of land to which the appellants claimed ownership under patents issued to them by the United States.

Jurisdiction of the District Court as to the cause of action alleged in each complaint, in respect to the United States, was invoked under the provisions of 28 U.S.C.A. § 2674,[1] and 28 U.S.C.A. § 1346(a).[2]

Jurisdiction of the District Court as to the cause of action alleged in each complaint in respect to McLaughlin, Inc., was invoked by virtue of the provisions of 28 U.S.C.A. § 1332(a) (1), which provides that the District Court has jurisdiction in cases involving diversity of citizenship and the amount in controversy is in excess of $10,000.00, exclusive of interest and costs.

In his complaint, appellant Myers sought judgment against the appellees in the sum of $60,203.20. In their complaint, appellants Weaver sought judgment against the appellees in the sum of $73,046.50.

■ Appellant Myers contended in his complaint and at the trial that in the construction of the road by appellee McLaughlin, Inc., under contract with the Bureau of Public Roads, the appellees committed waste and other trespasses on his land and damaged his land in the following particulars:

(1) That the defendants ruined plaintiff's road into his field of agricultural land used for raising produce, to his damage in the sum of $6,583.20;

(2) That defendants, without authority, went upon the private land of plaintiff, dug a gravel pit, and took out gravel to the extent of 18,147.4 yards of gravel on one side of the highway and 7,856.6 yards of gravel on the other side of the highway, of the reasonable value of $1.00 per yard, without permission and without compensation, to plaintiff's damage in the sum of $26,000.00;

(3) That defendants destroyed the surface of 8 lots owned by plaintiff, of the value of $600.00 each, to plaintiff's damage in the sum of $4,800.00;

(4) Changing the grade of plaintiff's driveway into his coffee shop and restaurant, $5,000.00;

(5) Loss of timber and trees around plaintiff's home, $5,000.00;

(6) Defendants parked their equipment on plaintiff's property for

---

1. "§ 2674. Liability of United States
"The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages. * * *."

2. In relevant part the section provides:
"§ 1346. United States as defendant
"(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:
"(1) * * *

"(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.
"(b) * * *
"(c) * * *
"(d) * * *."

16 days to plaintiff's damage in the sum of $320.00;

(7) Loss of business by obstructing the entrance to plaintiff's property, $300.00;

(8) Destruction of signs erected by plaintiff fronting the highway, $200.00; and

(9) Reduction in value of plaintiff's property on account of taking and grading the highway in front of and on both sides of plaintiff's home and place of business, $12,000.00.

Appellants Weaver contended in their complaint and at the trial that in the construction of the road by appellee McLaughlin, Inc., under contract with the Bureau of Public Roads, the appellees committed waste and other trespasses on their land and damaged their land in the following particulars:

(1) Trespass upon plaintiff's land to the extent of 210 feet in excess of the right-of-way reserved in plaintiff's patent of 66 feet;

(2) Damage to plaintiff's cleared garden or agricultural tract, $4,140.00;

(3) Damage to plaintiff's driveway and homesite and taking of gravel in this area to the extent of 13,337 yards of the reasonable value of $1.50 per yard, $20,005.50;

(4) Taking of an additional 5,434 cubic yards of gravel beyond the right-of-way of the value of $1.50 per yard, $8,151.00;

(5) Destruction of plaintiff's driveway, making it necessary to move garage, house and outbuildings, $10,000.00;

(6) Taking 8.5 acres of land in relocating a new road across a portion of plaintiff's land, and removing gravel, $25,000.00;

(7) Tearing up and destroying roadway into plaintiff's land, $5,000.00;

(8) Moving, relocating and rebuilding plaintiff's residence, $10,000.00;

(9) Taking a portion of the right-of-way, resulting in the abandonment of construction of an asphalt plant, $25,000.00; and

(10) Bulldozing holes in plaintiff's property, $750.00.

The claims for damages by the appellants arose from the following circumstances: Prior to the issuance of the patents to the appellants, the lands were public lands of the United States, and at the time of the issuance of the patents there existed a road or trail across portions of the lands in question which the Government had maintained at an approximate width of sixty-six feet. The appellants contended at the trial that the maintenance of the road by the Government constituted its election, under reservations contained in the patents, for a road right-of-way 100 feet in width across the lands of appellant Myers, and a right-of-way 66 feet in width across the lands of appellants Weaver, and that the acts committed by the appellees were done outside of such right-of-way. Appellee contended that it had properly reserved a right-of-way for a roadway 300 feet wide. The District Court found unconditionally that the right-of-way reserved to the government was for a road right-of-way 300 feet wide.

In view of the disposition to be made of this case insofar as appellee, United States of America, is concerned, we do not reach the merits of these conflicting contentions. We have reached the conclusion that the District Court was without jurisdiction of the causes of action asserted against the United States.

It is to be noted that under Section 1346, the jurisdiction of the District Court is concurrent with that of the Court of Claims in respect to any civil action or claims therein mentioned against the United States, not exceeding, however, $10,000 in amount. We also note 28 U.S.C. § 1491, which, in its relevant part, provides:

"The Court of Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitu-

tion, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. * * * "

It is clear to us that the claims of the appellants asserted against the United States are to recover damages for the taking for public use of property claimed to be owned by the appellants, without the institution of condemnation proceedings. The repeated characterization by the appellants of the taking by the United States as one of trespass and the commission of waste upon the lands in question does not convert the claims to cases sounding in tort and thereby confer jurisdiction on the District Court under the Federal Tort Claims Act. The Fifth Amendment to the Constitution prohibits the taking of private property for public use without just compensation. To us the claims of appellants against the United States are founded upon the Constitution, and the acts of the United States complained of are in the nature of inverse condemnation. Since the claims of each appellant against the United States exceed $10,000.00, the Court of Claims has exclusive jurisdiction and the District Court was without jurisdiction to hear or determine the claims against the United States. See United States v. Causby, 328 U.S. 256, 66 S.Ct. 1062, 90 L.Ed. 1206 (1946), and United States v. Gerlach Livestock Co., 339 U.S. 725, 70 S.Ct. 955, 94 L.Ed. 1231 (1950).

The cases, insofar as they seek recovery against the United States, are remanded to the District Court with the suggestion that it consider the provisions of 28 U.S.C. § 1406(c) which provides:

"§ 1406. Cure or waiver of defects

"(a) * * *

"(b) * * *

"(c) If a case within the exclusive jurisdiction of the Court of Claims is filed in a district court, the district court shall, if it be in the interest of justice, transfer such case to the Court of Claims, where the case shall proceed as if it had been filed in the Court of Claims on the date it was filed in the district court."

The Court of Claims has no jurisdiction of the claims of the appellants seeking to recover damages against the appellee, McLaughlin, Inc. Its jurisdiction is confined to actions or claims against the United States. United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1940), and Berkeley v. United States, 276 F.2d 9 (Ct. of Claims, 1960). Appellants properly invoked the jurisdiction of the United States District Court to recover damages against this party.

To the extent that the work performed by McLaughlin, Inc., was done under its contract with the Bureau of Public Lands, and in conformity with the terms of said contract, no liability can be imposed upon it for any damages claimed to have been suffered by the appellants. See Yearsley v. Ross Construction Co., 309 U.S. 18, 60 S.Ct. 413, 84 L.Ed. 554 (1940). If appellants suffered any damage from any act of McLaughlin, Inc., over and beyond acts required to be performed by it under the contract, or acts not in conformity with the terms of the contract, we note that the District Court in its findings of fact found that the appellants, by their words and conduct, acquiesced and consented to the acts of McLaughlin, Inc., insofar as the location and width of the road construction was concerned, and by their words and conduct acquiesced and consented to the construction work performed by McLaughlin, Inc., and to the area in which the construction was done. We have examined the record in this case, and are in no position to say that such findings of fact are clearly erroneous. In fact, such findings are fully supported by the evidence.

The judgments denying recovery by appellants against appellee McLaughlin, Inc., are, and each of them is affirmed.