Alice P. BROUDY, Plaintiff-Appellant,

v.

The UNITED STATES of America, Defendant-Appellee.

No. 82–5995.

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 1983.

Decided Dec. 28, 1983.

Ronald B. Bakal, Beverly Hills, Cal., for plaintiff-appellant.

J. Paul McGrath, Washington, D.C., for defendant-appellee.

Before SKOPIL, NELSON and NORRIS, Circuit Judges.

NELSON, Circuit Judge:

The appellant, Alice P. Broudy, appeals from an order of the district court dismissing with prejudice her claim brought against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671 *et seq.* (1976 & Supp.1979). The district court held that appellant did not properly file an administrative claim and that the court thus lacked subject matter jurisdiction (Fed.R.Civ.P. 12(b)(1)). In addition, the district court concluded that the United States owed no legal duty to appellant's deceased and dismissed the complaint for failing to state a claim upon which relief can be granted. (Fed.R.Civ.P. 12(b)(6)). We review these issues of law *de novo, Miller v. United States,* 587 F.2d 991, 994 (9th Cir.1978), and reverse in part, and vacate and remand in part.

## FACTS AND PROCEDURE

Appellant's husband, Major Charles A. Broudy, served as an officer in the United States Marine Corps from 1944 to 1960. During the summer of 1957, Major Broudy was ordered by his commanding officers to participate in military exercises in the immediate vicinity of at least two atmospheric nuclear tests conducted in Nevada.

Major Broudy was honorably discharged in 1960 and over the years received medical care for various health problems at Marine Corps medical facilities. He was never informed or warned about the dangers associated with his exposure to radiation. In 1976, Major Broudy was diagnosed as having lymphosarcoma, a form of cancer that has been related to radiation exposure. He died from that disease in October 1977.

The appellant and her children filed an administrative claim with the Department of Energy in November 1977. The claim, submitted on Standard Form 95, states that "Charles A. Broudy was exposed to radiation ... by being in the vicinity of nuclear detonation on the above dates ["sometime

in 1948 & June 24, July 5, July 15 1957"]. The completed form also states that "as a result of the exposure ... Charles A. Broudy developed a disease diagnosed ... as Lymphosarcoma." As required, appellant specified the amount of damages sought.

The administrative claim was denied on April 7, 1978. Appellant's request for reconsideration was rejected on March 10, 1979. Appellant then brought suit in district court under the FTCA. Those proceedings culminated in *Broudy v. United States (Broudy I)*, 661 F.2d 125, 128–29 (9th Cir.1981). In *Broudy I* this court held that if the government learned of the danger to Broudy after he left the service, the government's failure to warn him or monitor any harm arising from his exposure to radiation might constitute an independent post-service tort cognizable under the FTCA. Because appellant may have suffered from an inability to gain relevant information, we remanded to the district court to afford appellant an opportunity to establish whether the government learned of the danger after Major Broudy left the service.

Appellant amended her complaint, alleging that the Government did not learn of the danger until after the deceased left the service in 1960. Before it could be determined when the government learned of the danger, the Government moved to dismiss the case for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. The Government based its motion on two arguments: 1) the appellant failed to satisfy 28 U.S.C. § 2675(a) because her administrative claim did not specify an independent post-service tort, and (2) the Government owed no actionable duty to Major Broudy to warn him or monitor his condition after he left the service. The district court granted the motion on both grounds.

## DISCUSSION

A. *The Sufficiency of Appellant's Administrative Claim*

As a prerequisite to maintaining a suit under the FTCA, a plaintiff must first present the claim to the appropriate federal agency. After six months have passed or the agency has denied the claim, the plaintiff may bring suit in federal court on the claim. 28 U.S.C. § 2675(a) (1976). By enacting the notice requirement, Congress sought to ensure that plaintiffs would "promptly inform the relevant agency of the circumstances of the accident so that it may investigate the claim and respond either by settlement or by defense." *Adams v. United States*, 615 F.2d 284, 289 (5th Cir.1980).

A claim under the FTCA "shall be deemed to have been presented when a Federal agency receives from a claimant ... an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain." 28 C.F.R. § 14.2(a). In *Avery v. United States*, 680 F.2d 608, 611 (9th Cir.1982), we noted that section 2675(a) was not intended to allow an agency to insist on proof of a claim to its satisfaction before the claimant becomes entitled to a day in court. We concluded that "a skeletal claim form, containing only the basic elements of notice of accident and injury and a sum certain representing damages, suffices to overcome an argument that jurisdiction is lacking." *Id.* at 610.

Appellant's claim to the Department of Energy complied with the requirements of section 2675(a) and 28 C.F.R. § 14.2(a) as interpreted by this court. Her claim states the location and date of the accident, the nature and extent of the injury, the dollar amount of the claim and a description of how the accident occurred. Appellant's completed Standard Form 95 gave the agency notice to commence investigation by providing information concerning the accident and injury.

The Government, however, complains that appellant's administrative claim does not refer to the separate post-service tort of the Government's alleged failure to warn. We see nothing in section 2675(a) or the regulations which require the claimant to state with great specificity the legal theo-

ries to be asserted in the eventual FTCA action. Nor do we find any authority for the proposition that a plaintiff must file another administrative claim when her case is remanded to district court following appeal. In addition, appellant's legal theories are clearly set forth in her pleadings and are accessible to an interested government agency. Thus, in keeping with the Congressional purpose of "providing fair and equitable treatment of private individuals and claimants when they deal with the Government," S.Rep. No. 1327, 89th Cong., 2d Sess. 7, *reprinted in* [1966] U.S.Code Cong. & Ad.News 2515, we hold that appellant satisfied the requirements of section 2675(a) and the accompanying regulations.

B. *The Legal Duty to Warn Broudy and Monitor His Condition*

The district court dismissed appellant's claim for failure to state a cause of action upon which relief can be granted because it found that the Government owed no legal duty to warn Major Broudy or monitor his condition after he left the service. After surveying the law of the other circuits, the district court concluded that there was no precedent for concluding that the Government incurred a duty to warn or monitor those exposed to radiation upon learning of the hazards associated with such exposure.

■ At the outset, we note that the district court's inquiry was misguided. The district court is to determine the liability of the United States "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b) (1976). *See Richards v. United States,* 369 U.S. 1, 6–8, 82 S.Ct. 585, 589–90, 7 L.Ed.2d 492 (1962). Thus, the elements, defenses and damages in a tort claim are all governed by state law. *See, e.g., Proietti v. Civiletti,* 603 F.2d 88, 90 (9th Cir.1979) (scope of employment determined by state law); *Gard v. United States,* 594 F.2d 1230, 1234 (9th Cir.1979)

(immunities allowed by state law govern); *United States v. Becker,* 378 F.2d 319, 324 (9th Cir.1967) (measure of damages determined by state law). In the summary judgment proceeding below, there was no effort made to determine where the alleged act or omission occurred and therefore the applicable state law. Rather than examining the law of the other circuits or the common law of torts, the district court should determine whether an actionable duty exists by applying the law of the state where the act or omission occurred. *E.g., Epling v. United States,* 453 F.2d 327, 329 (9th Cir.1971).

■ In this case, appellant alleges the Government breached a duty by failing to "investigate, diagnose, monitor, warn and treat" Major Broudy. The duty allegedly arose when the Government first learned of the danger after Major Broudy left the service in 1960. From the record we cannot ascertain where the alleged failure to warn or monitor took place. The record is bereft of any evidence indicating where Major Broudy was domiciled in the years between his separation from the service and his death. Because the district court made no inquiry into the location of the act or omission, we remand for further proceedings to determine where the alleged failure to warn or monitor took place and, therefore, which state's law governs.[1] This inquiry in turn will enable the district court to determine whether an actionable duty exists.

The Government makes several arguments which reveal its misunderstanding of the *Feres* doctrine and our decision in *Broudy I.* We address these concerns in order to alleviate any possible confusion.

■ In *Feres v. United States,* 340 U.S. 135, 146, 71 S.Ct. 153, 159, 95 L.Ed. 152 (1950), the Supreme Court concluded that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or

---

1. From the briefs and record, it appears that both parties assume the alleged breach occurred while Major Broudy resided in California. Accordingly, we note for the purpose of providing guidance that California law imposes a duty upon those who create a foreseeable

peril, not readily discoverable by endangered persons, to warn them of such potential peril. *Johnson v. State of California,* 69 Cal.2d 782, 785, 73 Cal.Rptr. 240, 243, 447 P.2d 352, 355 (1968).

are in the course of activity incident to service." However, the *Feres* doctrine does not bar an action against the United States for a service-related injury suffered by a veteran as a result of independent post-service negligence. *United States v. Brown,* 348 U.S. 110, 113, 75 S.Ct. 141, 143, 99 L.Ed. 139 (1954). Following *Brown,* we held in *Broudy I* that the *Feres* doctrine would not bar an independent, post-service tort based on the government's failure to warn Major Broudy or monitor his condition if the Government learned of the danger after he left the service. *Broudy v. United States,* 661 F.2d 125, 128–29 (9th Cir.1981). We left to further proceedings the task of establishing all the elements of such a tort, including the existence of a duty, under appropriate state law. We recognized that a separate injury could be inflicted on Major Broudy as a result of an independent, post-service tort involving a failure to warn even if the original injury occurred while Broudy was enlisted. By arguing that "Major Broudy's injuries were incurred incident to service and this suit is barred by *Feres,*" the government fails to grasp this essential aspect of our holding in *Broudy I.*

■ The Government contends that appellant "cannot bring suit based upon a duty to warn which arises from Mr. Broudy's in-service exposure to radiation because such a claim arises out of activity incident to service and is barred by *Feres.*" The *Feres* doctrine does not speak to the existence of a duty; it only precludes claims against the government where the injury is incident to service. The question of an actionable duty is an inquiry separate from the application of the *Feres* doctrine. Without looking to appropriate state law, the Government assumes that no duty can exist independent of Broudy's relationship to the armed services. By collapsing the two inquiries, the Government never reaches the issue of which state's law governs and whether that state imposes a duty to warn or monitor.

Appellant's claim of an independent tort based on an alleged duty to warn or monitor Broudy when the government learned of the danger after his discharge should be heard on the merits in district court. We vacate the district court's order of dismissal with prejudice and remand to the district court for further proceedings consistent with this opinion.

REVERSED IN PART, AND VACATED AND REMANDED IN PART.