**Florence SHIPEK, Plaintiff-Appellant,**

**v.**

**UNITED STATES of America, Defendant-Appellee.**

**No. 83–6463.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 1984.

Decided Jan. 28, 1985.

Jerome J. Schiefelbein, Schiefelbein & Yount, San Diego, Cal., for plaintiff-appellant.

Joan M. Bernott, Dept. of Justice, Washington, D.C., for defendant-appellee.

Before CHAMBERS, Senior Circuit Judge, PREGERSON, Circuit Judge, and REED,* District Judge.

* The Hon. Edward C. Reed, Jr., United States District Judge, District of Nevada, sitting by designation.

PREGERSON, Circuit Judge:

Appellant Florence Shipek appeals a district court order dismissing with prejudice her claim against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671–2680 (1982). The district court dismissed the action for failure to exhaust administrative remedies under section 2675(a) of the FTCA, 28 U.S.C. § 2675(a) (1982). The court believed that appellant's administrative claim for wrongful death of her husband, a former serviceman, did not encompass a subsequently filed tort action based on the government's post-discharge failure to warn decedent of the dangers of radiation exposure. We review questions of law *de novo, United States v. McConney,* 728 F.2d 1195, 1201 (1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984), and reverse and remand.

FACTS AND PROCEDURE

Incident to his military service, decedent Carl Shipek was exposed to radiation at nuclear detonations in 1946 in the Bikini Islands and in 1952 in Nevada. After the Nevada tests, decedent complained of itchy skin, some respiratory problems, and diarrhea. He died from cancer of the pancreas in 1969. Appellant Florence Shipek, the surviving spouse of decedent, seeks monetary damages from defendant United States for the wrongful death of her husband.

In 1978, pursuant to section 2675(a) of the FTCA, appellant filed with the United States Coast Guard an administrative claim alleging the wrongful, fatal exposure of her husband to atomic radiation. That claim was denied. She then filed a complaint seeking damages based upon both decedent's exposure to radiation and the government's failure to warn him of the significant health hazards of such exposure and the need for medical attention. In July 1983, the district court granted the motion of the United States to dismiss the complaint with leave to amend.

Also in July 1983, Appellant filed a Second Amended Complaint, alleging that the government's failure to warn Carl Shipek occurred between 1955 and 1957, after his discharge from the service. Because of this allegation, the district court ruled that appellant stated a claim that was not barred by the *Feres Doctrine.*[1]

On October 6, 1983, the district court granted the motion of the United States for dismissal with prejudice of appellant's Second Amended Complaint on the grounds that appellant failed to exhaust her administrative remedies as required under 28 U.S.C. § 2675(a). The court found that the administrative claim filed by appellant did not encompass her subsequent complaint alleging post-discharge failure to warn.

A. *The Notice Requirement.*

 A federal court's jurisdiction to hear damage actions against the United States is limited by section 2675(a) of the FTCA. Section 2675(a) requires, as a prerequisite to suing the United States, that a plaintiff first present "the claim" to the appropriate federal agency. After the agency has denied the claim or after six months have passed, whichever occurs first, the plaintiff may bring suit in federal court on the claim.[2]

---

1. In *Feres v. United States,* 340 U.S. 135, 146, 71 S.Ct. 153, 159, 95 L.Ed. 152 (1950), the United States Supreme Court held that the government is immune from suit under the FTCA for injuries to servicemen arising out of or incident to their service activity. But, *Broudy v. United States (Broudy I),* 661 F.2d 125, 128–9 (9th Cir. 1981), created an exception to *Feres. Broudy I* held that the *Feres* doctrine would not bar an independent, post-service tort claim based on the government's failure to warn the decedent of the dangers of radiation, if the government discovered the danger after decedent left the service.

2. Section 2675(a) does not clearly define "claim" for purposes of its notice requirement:

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or

After reviewing relevant legislative history and applicable Ninth Circuit precedent, we find that appellant's administrative claim, alleging the wrongful fatal exposure of her husband to atomic radiation and seeking damages for his wrongful death, satisfied the requirements of section 2675(a).

Congress had two purposes in enacting section 2675(a). First, Congress sought "to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." S.Rep. No. 1327, 89th Cong., 2d Sess. (S.Rep.) 2, *reprinted in* 1966 U.S.Code Cong. & Ad.News (USCCAN) 2515, 2516. Second, Congress wanted to provide for "more fair and equitable treatment of private individuals and claimants when they deal with the Government or are involved in litigation with their Government." S.Rep. at 2, *reprinted in* 1966 USCCAN at 2515–16.

This court has held that Congress's purposes are served when (1) a claim gives an agency sufficient notice to commence investigation, and (2) the claimant places a value on the claim. *Warren v. United States Department of Interior Bureau of Land Management,* 724 F.2d 776, 779 (9th Cir.1984); *Avery v. United States,* 680 F.2d 608, 610 (9th Cir.1982). While this standard still does not define what constitutes sufficient notice, there is extensive support for appellant's contention that the notice requirement of section 2675(a) is minimal.

First, Congress apparently modeled the section 2675(a) notice requirement after statutes governing tort claims against municipalities. Those statutes "protect the municipality from the expense of needless litigation, give it an opportunity for investigation, and allow it to adjust differences and settle claims without suit." S.Rep. at 4, *reprinted in* 1966 USCCAN at 2517 (quoting 18 E. McQuillin, *The Law of Municipal Corporations* § 53–153 (3d rev. ed.

1977)). Congress understood these municipal statutes as requiring only minimal notice, i.e., notice sufficient to inform the relevant agency of the existence of a claim. *Warren* at 779. As noted in *Avery,* the treatise referred to by Congress in drafting section 2675(a) refers to the minimal notice that municipal statutes require:

> In claims for damages for injury to persons or property the usual requirement is that the notice or statement shall contain a *brief general description of the time, place, cause and general nature of the injury, and often the amount of compensation* or other relief demanded. (Emphasis added.)

*Avery,* 680 F.2d at 611 (quoting 17 E. McQuillin, *The Law of Municipal Corporations* § 4807 (3d ed. 1968) at 89–90). In light of this legislative history, it seems reasonable to conclude that Congress intended section 2675(a)'s notice requirement also to be minimal. *Warren,* 724 F.2d at 779.

Second, we have consistently interpreted the notice required under section 2675(a) as minimal. In *Avery,* the court explained that "a skeletal claim form, containing only the bare elements of notice of accident and injury and a sum certain representing damages, suffices to overcome an argument that jurisdiction is lacking." 680 F.2d at 610. *See also Warren,* 724 F.2d at 779; *Broudy v. United States, (Broudy II)* 722 F.2d 566, 568 (9th Cir.1983); *Adams v. United States,* 615 F.2d 284, 289 (5th Cir.), *modified on reh'g,* 622 F.2d 197 (5th Cir. 1980).

Finally, we have noted that it would be an "inefficient" use of judicial resources to require more than a skeletal claim to satisfy section 2675(a). Otherwise, because the claim requirement is jurisdictional, a court would need to hold hearings on ancillary questions of fact whenever a claim were challenged for insufficiency. *Avery,* 680 F.2d at 611.

registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of

the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section . . . .

B. *Appellant's Claim Satisfies Section 2675(a).*

■ Appellant's administrative claim satisfies the requirements of section 2675(a) as interpreted by this court. Her claim discusses the locations and dates of decedent's exposures to nuclear testing, the illness and death that followed, and the dollar amount of the claim. This information, spanning a time period from decedent's first exposure to radiation until his death, provided the agency with sufficient notice to begin investigating matters related to appellant's claim.

Our recent cases confirm that appellant clearly complied with section 2675(a) and, therefore, exhausted her administrative remedies.

*Broudy II,* 722 F.2d 566, which we decided after the district court's ruling in this case, refutes the government's argument that the post-discharge failure to warn theory is an "incident" which must be mentioned explicitly in the administrative claim. In *Broudy II,* the plaintiff sued the United States under the FTCA, claiming damages for the death of her husband, a former serviceman, who died from cancer related to radiation exposure. The plaintiff submitted an administrative claim stating that "Charles A. Broudy was exposed to radiation ... by being in the vicinity of nuclear detonation on the above dates" and that "as a result of the exposure ... Broudy developed ... Lymphosarcoma." *Id.* at 567–68. The government contended that plaintiff's administrative claim did not encompass her subsequent, post-service cause of action for the government's alleged failure to warn of the dangers of radiation exposure. On these facts, almost identical to those in the present case, we rejected the government's argument and held that a claim containing only notice of an accident and injury and a sum representing damages was sufficient to overcome a jurisdictional challenge based on failure to comply with the requirements of section 2675(a). We concluded that the statute did not require the claimant "to state with great specificity the legal theories to be asserted in the eventual FTCA action." *Id.* at 568–69.

Our recent case of *Warren v. United States Department of Interior Bureau of Land Management,* 724 F.2d 776 (9th Cir. 1984), provides further support for applying *Broudy II* to appellant's claim. In *Warren,* we reaffirmed that "[s]ection 2675 was amended to give agencies sufficient notice to enable them to *begin* their own investigations." *Id.* at 779 (emphasis added). We then reiterated section 2675(a)'s requirements that the claimant file "(1) a written statement sufficiently describing the injury to enable the agency to *begin its own investigation,* and (2) a sum certain damages claim." *Id.* at 780 (emphasis added).

In the instant case, appellant's claim was more than sufficient to enable the Coast Guard to *begin* investigating the post-discharge cause of action. The claim encompassed a time frame beginning with the first radiation exposure and terminating with Mr. Shipek's death. The claim also described the slow deterioration of Shipek's health during that period.

Finally, *Rooney v. United States,* 634 F.2d 1238 (9th Cir.1980) also provides support for the conclusion that appellant's claim was sufficient to comply with the requirements of section 2675(a). In *Rooney,* the plaintiff fell while working at a government construction site and subsequently was treated at a military medical facility. In his administrative claim, filed on a Form 95, the same form used by appellant, the plaintiff generally referred to the fall but only alleged that he received negligent medical care from the United States. Plaintiff then filed an amended complaint alleging that the government's negligence caused the fall itself. *Id.* at 1241. In response to the government's contention that Rooney's administrative claim did not encompass the cause of action for liability for the fall, this court stated:

> The Government would have us also require a claimant to state his legal theory for recovery. This we cannot do ... [H]e did "state the nature and extent of

[his] injury...." That portion stating that he was "negligently and carelessly treated, transported and cared for" is surplusage. Rooney gratuitously informed the Government of a legal theory upon which he was basing his claim. He is not jurisdictionally limited by that language, however.

*Id.* at 1242. So long as appellant's claim provided sufficient notice to permit the Coast Guard to begin its investigation, she, like Rooney, should not be jurisdictionally limited by her administrative claim from pursuing any legal theory encompassed by the facts set forth in her claim. As appellant contends, post-discharge failure to warn of the dangers of the exposure is but one theory of recovery that arises out of the facts described in the administrative claim.

We decided *Broudy II* and *Warren* after the district court ruled in the present case; therefore, the court did not have the benefit of our views as expressed in these cases. Moreover, the court failed to cite the other relevant Ninth Circuit authority referred to above. Instead, the court relied mainly on *Franz v. United States*, 414 F.Supp. 57, 58 (D.Ariz.1976), which does not relate as clearly to the present situation as the cases we rely upon today.

Moreover, the district court erred in stating that appellant "cannot have it both ways," i.e., that she could not allege a post-discharge tort sufficiently separate from her husband's military service to evade *Feres* yet sufficiently related to his service to have been included in her administrative claim. *Broudy II* is to the contrary. There, we clearly stated that the question of a post-service duty to warn is entirely separate from the application of the *Feres* doctrine. *Broudy II*, 722 F.2d at 570.

Appellant's wrongful death claim, based on the government's alleged failure to warn Shipek after his discharge from the service of health hazards caused by radiation exposure, should be heard on the merits. We reverse the district court's order of dismissal and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.