**Kenneth E. PALM and Marie E. Palm, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Stuart A. BARTLESON, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Cynthia D. JONES, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Vickie M. PALM, by her next friend, Kenneth E. PALM, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Nos. C 90–20127 JW, C 91–20238 JW, C 91–20458 JW and C 91–20459 JW.

United States District Court, N.D. California.

Oct. 6, 1993.

Gerald Mason, San Luis Obispo, CA, for plaintiffs.

Charles Green, Asst. U.S. Atty., Anita Rudd, State Atty. Gen.'s Office, San Francisco, CA, for defendant.

## CORRECTED ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS

WARE, District Judge.

Three motions are currently before the Court: (1) Defendant's motion to dismiss Plaintiffs Kenneth E. Palm and Marie E. Palm's complaint, (2) Defendant's motion to dismiss Plaintiff Stuart A. Bartleson's complaint, and (3) Defendant's motion to dismiss, or, in the alternative, for partial summary judgment on, Plaintiffs Cynthia D. Jones and Vickie M. Palm's complaints. For the reasons set forth below, Defendant's motions are hereby GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

In a nutshell, Plaintiffs all either own, possess, or reside on property located adjacent to Defendant's property, the Camp Roberts Military Reservation. Plaintiffs' claims arise

out of alleged tortious conduct on the part of Defendant, including landing and exploding of Defendant's projectiles onto Plaintiffs' properties and low overflights by Defendant's high-performance aircraft over Plaintiffs' properties. All Plaintiffs assert jurisdiction in this Court pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671 *et seq.*

## II. *DISCUSSION*

### A. *Legal Standards*

#### 1. Motion to Dismiss

■ "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). This Court construes the non-moving party's allegations of material fact as true and construes them in the light most favorable to the non-moving party. *Nieto v. Ecker*, 845 F.2d 868, 870 (9th Cir. 1988).

#### 2. Motion for Partial Summary Judgment

Summary judgment is appropriate where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.Proc. 56(c). The burden of establishing that there is no genuine issue of material fact lies with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A genuine issue is one in which the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242,

248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The evidence, and any inferences based on underlying facts, must be viewed in a light most favorable to the non-moving party. *Diaz v. American Tel. & Tel.*, 752 F.2d 1356, 1358 n. 1 (9th Cir.1985).

### B. *Kenneth Palm and Marie Palm's Complaint*

■ Kenneth and Marie Palm's Fourth Amended Complaint states five causes of action: (1) Nuisance, (2) Negligence, (3) Intentional Infliction of Mental Distress, (4) Continuing Trespass, and (5) Injunction. Defendant moves to dismiss the Nuisance, Negligence, and Continuing Trespass causes of action for lack of jurisdiction; the Intentional Infliction of Mental Distress cause of action for failure to state a claim; the Injunction cause of action for lack of jurisdiction; and for partial dismissal of all causes of action relating to Parcel No. 2 for lack of jurisdiction.[1]

#### 1. Nuisance, Negligence, and Continuing Trespass Claims

■ Defendant argues that the Court does not have subject matter jurisdiction over Plaintiffs' nuisance, negligence, and continuing trespass claims because while Plaintiffs couch their claims in terms of torts, they are in actuality claims for a taking (ie. founded upon the Constitution) that should be litigated in the Court of Claims.

The district court has exclusive jurisdiction over claims against the United States for personal injury or injury to property that result from the negligence of Government employees.[2] The district court and the

---

**1.** Plaintiffs' Opposition refers interchangeably to Defendant's motion as both a motion to dismiss and a motion for summary judgment. Defendant's have filed a motion to dismiss. Federal Rule of Civil Procedure 12(b)(6) provides that a motion to dismiss must be treated as a motion for summary judgment when "matters outside the pleading are presented to and not excluded by the court." However, a motion to dismiss is not automatically converted into a motion for summary judgment whenever matters outside the pleading happen to be filed with the court and are not expressly rejected by the court. *North Star Intern. v. Arizona Corp. Com'n*, 720 F.2d 578, 581–82 (9th Cir.1983). If the court does not

rely on extraneous matters, the motion to dismiss will not be converted into a motion for summary judgment. *Id.* For purposes of this particular motion, the Court will not consider anything extraneous to the pleadings. Defendant's motion to dismiss Kenneth and Marie Palm's Fourth Amended Complaint will therefore be treated as a motion to dismiss, rather than as a motion for summary judgment.

**2.** Title 28 U.S.C. § 1346(b) provides in relevant part: "the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury

Court of Claims have concurrent jurisdiction over claims that arise out of the Constitution when the amount in dispute is less than $10,000.[3] However, the Court of Claims has exclusive jurisdiction over such claims when the claims exceed $10,000.[4] In this case, Plaintiffs seek damages in excess of $3,000,000.

■ To determine whether jurisdiction is proper under the FTCA or the Tucker Act, the Court must determine the essential nature of the action. *Myers v. United States,* 323 F.2d 580, 583 (9th Cir.1963); *Woodbury v. United States,* 313 F.2d 291, 294–96 (9th Cir.1963).[5] The cluster of facts that constitute a claim for an unconstitutional taking and those that indicate the torts of nuisance or trespass are similar in many respects. Both involve situations of unlawful entry onto an owner's property or infringement of an owner's right to use and enjoyment of her property. Therefore, the point at which the allegedly unlawful acts cross the line from tort to a taking is not always readily apparent. In fact, because of this gray area, the same set of facts may, under certain circumstances, constitute viable claims under both legal theories. Normally, this would not present a problem because a plaintiff can plead alternate legal theories of liability in one complaint. However, because the district court is a court of limited subject matter jurisdiction (e.g. does not have jurisdiction over taking claims in excess of $10,000), the Court must make a determination as to whether Plaintiffs' allegations do indeed clearly fit on one side of the line or the other. Of course, if the facts sufficiently state a claim under either theory, Plaintiffs can elect the forum in which they wish to pursue their claims. *See Aleutco Corp. v. United States,* 244 F.2d 674, 678–79 (3d Cir.1957).

■ In evaluating the nature of the action, one thing seems certain: on a sliding scale, a taking often involves factual circumstances that would tend to indicate more extreme governmental intrusiveness, permanent infringement, or, even if temporary, an exercise of dominion and control over a private party's property interests; whereas nuisance and trespass generally seem less so. As currently plead, Plaintiffs' complaint falls short of depicting the former type of situation. Plaintiffs describe Defendant's intrusive behavior as being periodic and sporadic (ie. not always occurring in the same location or with the same frequency or intensity). *See, e.g.,* Pls.['] Compl., ¶¶ 6, 7, and 13. Furthermore, Plaintiffs have amended their complaint to state that they have suffered damage to their real property, rather than "permanent" damage. *See id.,* ¶ 11. The Court finds that Plaintiffs' characterization of Defendant's conduct is sufficient to state claims sounding in tort. The Court acknowledges that this depiction may yet fall in the "gray area," and could perhaps still be interpreted to state a claim for an unconstitutional taking. However, it does not exclusively state such a claim.

---

or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."*

3. Title 28 U.S.C. § 1346(a)(2) provides in relevant part: "The district courts shall have original jurisdiction, concurrent with the United States Claims Court, of: ... (2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort ..."

4. Title 28 U.S.C. § 1491(a)(1) provides in relevant part: "The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

5. The Court is aware that it addressed this issue in a prior Order dated March 11, 1991, which granted Defendant's motion to dismiss Plaintiffs' Second Amended Complaint. However, Plaintiffs have amended their complaint twice since that time and the Court must therefore reconsider this issue in the context of Plaintiffs' amended allegations in their Fourth Amended Complaint.

The cases cited by Defendant do not dictate a contrary result. It is true that in *Portsmouth v. United States*, 260 U.S. 327, 43 S.Ct. 135, 67 L.Ed. 287 (1922), claims involving the government's firing of projectiles across the plaintiff's property were heard by the Court of Claims. However, the mere similarity in conduct alleged is not enough to let that case bar Plaintiffs' amended claims in this case. As an initial matter, *Portsmouth* was decided in 1922, almost 25 years before the FTCA was enacted. At that time, the plaintiffs only had the Court of Claims and the claim of an unconstitutional taking available to seek redress against the United States for their injuries. Furthermore, it should be noted that the plaintiffs in that case twice tried to plead claims that amounted to a taking that were dismissed, apparently because they were not intrusive enough.[6] In the third go round, the court allowed the claims to go forward because the new complaint included allegations that the government had erected the battery with the intention of firing across the plaintiffs' private property. In this case, however, Plaintiffs' allegations are that Defendant has been careless or reckless and "mis"fired onto their property. Rather than characterizing the type of deliberate infringement that allowed the *Portsmouth* plaintiffs to finally proceed on a taking claim, Plaintiffs in this case have more closely plead the "occasional acts of gun fire" that were rejected in the second go round of the *Portsmouth* case as somehow falling short of a taking. Finally, the court stated:

> The repetition of those acts through many years and the establishment of the fire control may be found to show an abiding purpose to fire when the United States sees fit, even if not frequently, or *they may be explained as still only occasional torts.* That is for the Court of Claims when the evidence is heard.

*Id.* at 330, 43 S.Ct. at 137 (emphasis added). Therefore, while *Portsmouth* supports the proposition that Plaintiffs' claims could perhaps amount to a taking, it certainly does not indicate that they do not instead (or at least also) constitute a tort.

Again, in *United States v. Causby*, 328 U.S. 256, 66 S.Ct. 1062, 90 L.Ed. 1206 (1946), although the court determined that the military low overflights were so low and so frequent as to constitute a taking, that case was decided the same year as the FTCA was enacted, the plaintiffs chose the Court of Claims as the forum of redress, and the court did not ever address whether the claims could also be construed as a tort. Indeed, in *Western v. McGehee*, 202 F.Supp. 287, 290 (D.Md.1962), the court, citing *Causby*, stated:

> Of course, frequent flights of aircraft over property, at low altitudes, may cause injury and damage, for which the landowner is entitled to just compensation or damages, or may be so low and so frequent as to constitute a taking of property by the government for public use. *If such flights do not amount to a taking, but cause physical injury or damage, an action for damages may be maintained under the Federal Tort Claims Act.*

(Emphasis added).

Finally, the remaining "taking" cases cited by Defendant only reinforce the Court's earlier observation regarding the extreme and permanent type of intrusiveness that seems characteristic of most taking claims. *United States v. Dickinson*, 331 U.S. 745, 747, 67 S.Ct. 1382, 1384, 91 L.Ed. 1789 (1947), involved a situation where the government had "permanently" flooded the plaintiffs land. In *Eyherabide v. United States*, 345 F.2d 565, 567, 570, 170 Ct.Cl. 598 (1965), the plaintiffs chose to bring suit in the Court of Claims, and the court found that the government's actions "culminated in the near-total deprivation of the owners' use of their property" and

---

**6.** "In the first case it was decided that the mere erection of the fort and the fact that guns were fired over the claimants' land upon two occasions about two years and a half before the suit was brought, coupled with the apprehension that the firing would be repeated, but with no proof of intent to repeat it other than the facts stated, did not require the finding of an appropriation and a promise to pay by the United States. The second case was like the first except for 'some occasional subsequent acts of gun fire' ..." *Portsmouth*, 260 U.S. at 328, 43 S.Ct. at 136. There is no telling whether these actions would have survived as a tort cause of action because at that time, the FTCA had not yet been enacted.

"effectively excluded plaintiffs from using their land ... which ended in the destruction of their property." In *Myers,* supra, the government, among other things, built a road across plaintiffs' property; went onto plaintiffs' property, dug a gravel pit and removed the gravel; parked their equipment on plaintiffs' property for several days; destroyed plaintiffs' driveway; and bulldozed holes in plaintiffs' property.

For the foregoing reasons, the Court finds that Plaintiffs have sufficiently stated claims sounding in tort. Accordingly, Defendant's motion to dismiss Plaintiffs' nuisance, negligence, and continuing trespass claims for lack of subject matter jurisdiction is DENIED.

2. Intentional Infliction of Mental Distress Claim

■ To state a claim for intentional infliction of emotional distress, a plaintiff must allege that (1) the defendant engaged in outrageous conduct, (2) the conduct was intentional or done with a reckless disregard of the probability of causing emotional distress, (3) the plaintiff is suffering severe emotional distress, and (4) there is a causal relationship between the plaintiff's severe emotional distress and the defendant's outrageous conduct. *See Bogard v. Employers Casualty Co.,* 164 Cal.App.3d 602, 616, 210 Cal.Rptr. 578 (1985).

■ In their Fourth Amended Complaint, Plaintiffs allege certain conduct on the part of Defendant that could be considered outrageous. *See* Pls.['] Compl., ¶¶ 6, 7, and 8. Furthermore, Plaintiffs specifically allege that this conduct is extreme and outrageous. *See id.,* ¶¶ 22 and 25. Plaintiffs also allege that Defendant's actions were either intentionally done or done with extreme recklessness. *See id.,* ¶ 24. Plaintiffs further both specifically allege that they are suffering severe emotional distress, and allege facts about their respective conditions that could indicate such distress. *See id.,* ¶¶ 8, 10, 13, 22, and 25. Finally, Plaintiffs have alleged a causal relationship between Defendant's con-

duct and their emotional distress. *See id.,* ¶¶ 10, 13, 21, 22, and 25.

■ Plaintiffs need not conclusively establish by offer of proof the *prima facie* elements of their emotional distress claim to overcome a motion to dismiss. Plaintiffs need only allege sufficient facts, which if proved true, would entitle them to relief. Plaintiffs have met this burden. Accordingly, Defendant's motion to dismiss Plaintiffs' mental distress claim is DENIED.

3. Claim for Injunctive Relief

■ The sole jurisdictional basis plead by Plaintiffs is the FTCA. The FTCA provides federal court jurisdiction for civil claims against the United States for money damages exclusively. *See Westbay Steel, Inc., v. U.S.,* 970 F.2d 648, 651 (9th Cir.1992), *quoting, Talbert v. United States,* 932 F.2d 1064, 1065–66 (4th Cir.1991) ("only relief provided for in the [FTCA] is 'money damages' "). Therefore, claims for injunctive relief under the FTCA are improper. *See Moon v. Takisaki,* 501 F.2d 389, 390 (9th Cir.1974) (dismissal of claim for injunction for lack of jurisdiction proper because FTCA does not submit United States to injunctive relief). Accordingly, Defendant's motion to dismiss Plaintiff's injunction cause of action is GRANTED. Plaintiffs' claim for injunctive relief is DISMISSED.

4. Parcel No. 2 Claims

■ In order to state a claim for injury to real property, a plaintiff must allege her ownership, lawful possession, or right to possession of the property at issue. *Friendly Village Community Assn. Inc. v. Silva & Hall Constr. Co.,* 31 Cal.App.3d 220, 224, 107 Cal.Rptr. 123 (1973). In their Fourth Amended Complaint, Plaintiffs allege ownership and possession of both Parcel No. 1 and Parcel No. 2, within certain exceptions. *See* Pls.['] Compl., ¶ 4. Plaintiffs have alleged sufficient facts regarding their ownership and/or lawful possession of Parcel No. 2 to state a claim for injury to this real property. Accordingly, Defendant's motion to dismiss Plaintiffs claims with respect to Parcel No. 2 is DENIED.[7]

7. The Court notes here that while Defendant has

attached as an exhibit a Trustee's Deed Upon

## C. *Stuart Bartleson's Complaint*

Stuart Bartleson's complaint states four causes of action: (1) Nuisance—Negligence, (2) Negligent Infliction of Mental Distress, (3) Trespass, and (4) Injunction. Defendant moves to dismiss the Nuisance—Negligence and Trespass causes of action for lack of jurisdiction; the Negligent Infliction of Mental Distress cause of action for failure to state a claim; and the Injunction cause of action for lack of jurisdiction.

### 1. Nuisance—Negligence and Trespass Claims

The Court has already addressed this issue with respect to Kenneth and Marie Palm's complaint above. *See* Part II.B.1., *supra.* Furthermore, Plaintiff has explicitly alleged that his property has not been completely destroyed, he has not been totally deprived in the use of his property, Defendant has not claimed Plaintiff's property as its own, he has not been entirely excluded from his property, and Defendant has not exercised domain and control over his property. *See* Pl.['s] Compl., ¶ 11. Accordingly, for the same reasons as set forth above in Part II.B.1., Defendant's motion to dismiss Plaintiff's nuisance-negligence and trespass claims is DENIED.

### 2. Negligent Infliction of Mental Distress Claim

■■■■ Negligent infliction of emotional distress is not an independent tort, but rather is the tort of negligence and therefore involves the same general elements as a negligence claim. *See* 6 Witkin, Summary of California Law: Torts § 838 (9th ed. 1988). To state a claim under this theory, a plaintiff must allege: (1) a legal duty to use due care, (2) breach of such duty, (3) damage or injury

to the plaintiff, and (4) a causal relationship between the breach and the resulting damage or injury. *See Bogard,* 164 Cal.App.3d at 618, 210 Cal.Rptr. 578.

■■■■ In his complaint, Plaintiff has alleged duty, breach, and causation. *See* Pl.['s] Compl., ¶¶ 8, 9, 10, and 14. The issue is whether he has alleged sufficient facts with respect to his injury to allow him to sustain a cause of action for negligent infliction of emotional distress. California law recognizes a claim of negligent infliction of emotional distress under circumstances where "a person [ ] is in the path of negligent conduct and reasonably fears for his or her own safety." *In re Air Crash Disaster,* 973 F.2d 1490, 1493 (9th Cir.1992).

In this case, Plaintiff has alleged that certain acts by Defendant are "terrorizing" to Plaintiff, *see* Pl.['s] Compl., ¶ 7; that Plaintiff "has been injured and hurt in his health, *strength and activity,*" sustaining *injury to* his body, and shock and injury to his nervous system and person, all of which injuries have caused [him] great mental, physical and nervous pain and suffering, *see id.* at ¶ 10; and that he has become terrified and suffered severe and extreme emotional distress, *see id.,* ¶ 14. However, Plaintiff has not alleged that he was ever in the "path" of Defendant's allegedly negligent conduct. *See In re Air Crash,* 973 F.2d at 1492. Nor has he alleged that he feared for his own safety. Without these allegations, Plaintiff has failed to state a claim for negligent infliction of emotional distress.[8]

The Court will not make a determination as to whether Plaintiff has alleged sufficient facts to state a claim for intentional infliction of emotional distress as that claim is not

Sale for the purpose of demonstrating that Plaintiffs do not hold fee simple title to Parcel No. 2, the Court has previously declined to convert this motion to dismiss into a motion for summary judgment and refused to consider matters extraneous to the pleadings. Thus, the Court will not consider this Deed for purposes of this motion. Furthermore, even if the Court did examine this document and determined that Plaintiffs are not fee simple title holders, it would say nothing of their claim of lawful possession of Parcel No. 2, which would still be a sufficient basis for them to bring claims on this property.

8. In his opposition, Plaintiff argues that damages for emotional distress without injury are recoverable as part of a claim for nuisance or trespass. Nothing in the Court's order is meant to address the merits of Plaintiff's claims of emotional distress that may be associated with his claims of nuisance and trespass. The Court only finds that Plaintiff has not alleged sufficient facts to support an independent claim for the tort of negligent infliction of emotional distress.

plead in the complaint.[9] Accordingly, Defendant's motion to dismiss Plaintiff's negligent infliction of mental distress cause of action is GRANTED. Plaintiff's claim for negligent infliction of mental distress is DISMISSED.

### 3. Claim for Injunctive Relief

The Court has already addressed this issue with respect to Kenneth and Marie Palm's complaint above. *See* Part II.B.3., supra. Accordingly, for the same reasons as set forth above in Part II.B.3., Defendant's motion to dismiss Plaintiff's injunction cause of action is GRANTED. Plaintiff's claim for injunctive relief is DISMISSED.

### D. *Cynthia Jones and Vickie Palm's Complaints*

Cynthia Jones and Vickie Palm's First Amended Complaints are identical. In these complaints, they state two causes of action: (1) Negligence and (2) Intentional Infliction of Mental Distress. Defendant moves to dismiss Plaintiffs' Negligence and Mental Distress causes of action for failure to state a claim; and to dismiss Plaintiffs' claims regarding the December 20, 1991 incident and the aircraft low overflights for lack of subject matter jurisdiction. Defendant also moves for partial summary judgment with respect to Cynthia Jones' claims regarding the December 20, 1991 incident as factually unsupported.

### 1. Negligence Claim

■ To state a claim of negligence, a plaintiff must allege: (1) defendant's legal duty of care toward plaintiff, (2) defendant's breach of that duty, (3) damage or injury to plaintiff, and (4) a causal relationship between defendant's negligence and plaintiff's damages. *See Pultz v. Holgerson,* 184 Cal. App.3d 1110, 1116–17, 229 Cal.Rptr. 531 (1986); *Keech v. Berkeley Unified School Dist.,* 162 Cal.App.3d 464, 468, 210 Cal.Rptr. 7 (1984). "No strict requirements exist for the form of such allegations." *Pultz,* 184 Cal.App.3d at 1117, 229 Cal.Rptr. 531.

Plaintiffs have alleged duty, breach, and causation. Furthermore, Plaintiffs allege that they have sustained injury to their bodies. *See* Pls.['] Compls., ¶ 12.[10] Therefore, Plaintiffs have alleged sufficient facts to state a claim for negligence.[11] Accordingly, Defendant's motion to dismiss Plaintiffs' negligence cause of action is DENIED.

### 2. Intentional Infliction of Mental Distress Claim

The Court has previously outlined the elements of a cause of action for intentional infliction of emotional distress. *See* Part II. B.2., supra. In their First Amended Complaints, Plaintiffs have alleged certain conduct on the part of Defendant that could be considered outrageous. *See* Pls.['] Compls., ¶¶ 5, 6, and 7. Plaintiffs have also specifically alleged that Defendant's conduct was outrageous. *See id.,* ¶ 17. Plaintiffs allege that Defendant's actions were either intentionally done or done with extreme recklessness. *See id.,* ¶ 16. Plaintiffs further both specifically allege that they are suffering severe emotional distress, and allege facts about their respective conditions that could indicate such distress. *See id.,* ¶¶ 7, 12, 13, and 17. Finally, Plaintiffs have alleged a causal relationship between Defendant's conduct and their emotional distress. *See id.,* ¶¶ 12, 13,

---

**9.** In his opposition to Defendant's motion to dismiss, Plaintiff also argues that he has stated a viable claim for intentional infliction of emotional distress.

**10.** Although Defendant states that Plaintiffs have not suffered any physical injuries, and directs the Court to certain statements apparently made by Plaintiffs during depositions that would indicate such, the Court is evaluating the sufficiency of Plaintiffs' negligence claim in light of the pleadings only at this stage.

**11.** In their opposition, Plaintiffs argue the viability of a claim for emotional distress that is associated with a claim for nuisance or trespass. However, Plaintiffs have not plead claims for nuisance or trespass in their complaint, but rather have attempted to plead an independent cause of action for general negligence.

Similarly, Defendant argues in its motion that in addition to failing to state a claim of general negligence, Plaintiffs have also failed to state a claim for negligent infliction of emotional distress. However, Plaintiffs have not plead such a claim, and the Court, therefore, will not address whether the facts alleged are sufficient to state such a claim.

and 17. Accordingly, for the same reasons as set forth above in Part II.B.2., Defendant's motion to dismiss Plaintiffs' mental distress claims is DENIED.

### 3. Exhaustion of Administrative Remedies

■ Defendant moves to dismiss Plaintiffs' claims with respect to the December 20, 1991 incident (ie. the dropping of the practice bomb) and the aircraft low overflights for lack of subject matter jurisdiction. Defendant states that Plaintiffs failed to file proper administrative claims on these incidents before filing suit in this Court.

■ Pursuant to 28 U.S.C. § 2675(a), a plaintiff must first present her FTCA claims to the appropriate Federal agency and either receive an agency denial or wait for six months to elapse without a final disposition of the claims being made prior to instituting an action based upon these claims in federal court. This exhaustion of administrative remedies requirement is jurisdictional in nature and may not be waived. *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir.1992).

■ The purpose of the exhaustion prerequisite is to encourage administrative settlement of claims and avoid unnecessary litigation. *Shipek v. United States*, 752 F.2d 1352, 1354 (9th Cir.1985). This purpose is "served when (1) a claim gives an agency sufficient notice to commence an investigation, and (2) the claimant places a value on the claim." *Id.* While there is no precise definition for what constitutes "sufficient" notice, this Circuit has held that the notice required under § 2675(a) is minimal. *Id.*

■ In this case, the Court finds that Defendant has been given fair and adequate notice of Plaintiffs' claims within the meaning of § 2675(a). All that is necessary in terms of detail is the provision of enough facts for the government to begin an investigation. *Shipek*, 752 F.2d at 1355. Here, Plaintiffs' administrative claims make clear that they are based on mental distress caused by Defendant's allegedly careless conducting of military exercises. Specifically, Plaintiffs put Defendant on notice of the artillery firing exercises. However, once the investigation was underway, Defendant surely would have discovered any other similar incidents of alleged miscalculation or misfiring onto Plaintiffs' property (ie. the dropping of the practice bomb and the low overflights). Furthermore, Defendant did receive actual notice of the other incidents once Plaintiffs' parents filed their administrative claims. Based on the foregoing, the Court finds that this is a situation where "[r]equiring [Plaintiffs] to exhaust the administrative claim procedure again would serve no useful purpose. It is unlikely that [Defendant] would conduct a second investigation or otherwise act any differently." *Brown v. United States*, 838 F.2d 1157, 1161 (11th Cir.1988). Accordingly, Defendant's motion to dismiss Plaintiffs' claims with respect to the December 20, 1991 incident and the aircraft low overflights for lack of subject matter jurisdiction is DENIED.

### 4. Cynthia Jones' December 20, 1991 Claims

■ In ¶ 6 of her First Amended Complaint, Cynthia Jones refers to Defendant's dropping of a practice bomb near her residence on December 20, 1991. However, in her deposition on December 2, 1992, Jones states that she does not remember being present at the residence at the time the bomb landed. *See* Jones Depo., at 47, lines 12–14.[12] Furthermore, even were the Court to assume, as Plaintiff contends, that Plaintiff could state a viable claim without being present at the time of this incident (ie. for emotional distress caused by her concern for her parents' and sister's welfare), there can be no such distress caused by an incident of which Plaintiff had no independent knowledge. *See id.*, lines 15–25 (Jones states had no knowledge of incident, nor was she otherwise told anything about it). Therefore, Jones can not

---

12. Plaintiffs objected to consideration of Defendant's evidence in support of its motion as lacking proper authentication by affidavit or declaration. However, Defendant subsequently filed another set of exhibits properly attached to a declaration, albeit with the wrong (ie. Kenneth and Marie Palm) caption. The Court, therefore, will consider these exhibits in ruling on Defendant's motion for partial summary judgment.

succeed on any of the claims in her complaint that are supposed to be factually supported by this incident. Accordingly, Defendant's motion for partial summary judgment on Jones' claims with respect to this incident is GRANTED.

## III. CONCLUSION

1. Defendant's motion to dismiss Kenneth and Marie Palm's:

   (a) nuisance, negligence, and continuing trespass claims is DENIED;

   (b) intentional infliction of mental distress claim is DENIED;

   (c) claim for injunctive relief is GRANTED; and

   (d) claims with respect to Parcel No. 2 is DENIED.

2. Defendant's motion to dismiss Stuart Bartleson's:

   (a) nuisance-negligence and trespass claims is DENIED;

   (b) negligent infliction of mental distress claim is GRANTED;

   (c) claim for injunctive relief is GRANTED.

3. Defendant's motion to dismiss Cynthia Jones and Vickie Palm's:

   (a) negligence claims is DENIED;

   (b) intentional infliction of mental distress claims is DENIED; and

   (c) December 20, 1991 incident claims is DENIED.

4. Defendant's motion for partial summary judgment on Cynthia Jones' December 20, 1991 claims is GRANTED.

5. Plaintiffs shall amend their claims, if appropriate, within ten (10) days of the date of this Order.

IT IS SO ORDERED.