**Steve MULLEN, Plaintiff—Appellant,**

v.

**UNITED STATES of America, Defendant—Appellee.**

**No. 01–56635.**

**D.C. No. CV–00–07397–RSWL.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 13, 2003.

Decided Feb. 14, 2003.

---

Before HALL, KOZINSKI, and RAWLINSON, Circuit Judges.

## MEMORANDUM*

Mullen's administrative claims complied with the "minimal" requirements of 28 U.S.C. § 2675(a). *Shipek v. United States,* 752 F.2d 1352, 1354 (9th Cir.1985). The claim stated a sum certain and put the agencies on "sufficient notice to commence investigation." *Id.* at 1354. Accordingly, the district court had subject matter jurisdiction over Mullen's claims. We therefore remand to the district court for further proceedings on the intentional infliction of emotional distress claim.

There was probable cause to support Mullen's bribery prosecution. Scott Gale declared that he had heard several tape recorded conversations in which Mullen, and associates purporting to act on his behalf, offered money to a public official in exchange for official acts. Mullen's only rebuttal to this is that the tapes Gale listened to were altered. Mullen has not come forward with sufficient evidence in *this civil proceeding* to support this theory. *See* Fed R. Civ. P. 56(e) (to preclude summary judgment, party "must set forth specific facts showing that there is a genuine issue for trial"). In any event, in his affidavit in district court, the only taped recorded conversation that he claimed was altered was the February 18, 1993, conversation. He did not claim that any of the other conversations recounted in the Gale declaration were the result of altered tapes. Accordingly, the bribery action was "tenable." *Sheldon Appel Co. v. Albert & Oliker,* 47 Cal.3d 863, 886, 254 Cal.Rptr. 336, 765 P.2d 498 (1989). His malicious prosecution and false imprisonment claims therefore fail.

The only *judicial* process Mullen identifies to support his abuse of process claim is the institution of criminal proceedings against him. His abuse of process action therefore fails because under California law, it is well settled that "the mere filing or maintenance of a lawsuit-even for an improper purpose-is not a proper basis for an abuse of process action." *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss, & Karma, Inc.,* 42 Cal.3d 1157, 1169, 232 Cal.Rptr. 567, 728 P.2d 1202 (1986) (internal citations omitted).

Mullen's negligence action fails because it is *exclusively* based on behavior within the discretion of a prosecutor. The United States retains sovereign immunity over actions within such discretion, whether or not it is abused. *See* 28 U.S.C. § 2680(a); *General Dynamics Corp. v. United States,* 139 F.3d 1280, 1283–85 (9th Cir.1998). Accordingly, the district court had no subject matter jurisdiction over this claim.

The district court's grant of summary judgment in favor of the United States is AFFIRMED as to the claims for malicious prosecution, false imprisonment, abuse of process and negligence. We REVERSE the district court's finding that it did not have jurisdiction over Mullen's claim of intentional infliction of emotional distress. We REMAND for further proceedings on this claim.

Each party shall bear its own costs.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.