Francisco Javier–Rivera AGREDANO; Alfonso Leon; Carmen Rivera–Calderon Leon; Gabriel Calderon–Leon, Plaintiffs—Appellants,

v.

U.S. CUSTOMS SERVICE; EG&G Inc; United States of America, Defendants—Appellees.

No. 05–55186.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2007.*

Filed Feb. 23, 2007.

Teresa Trucchi, Esq., Law Offices of Teresa Trucchi, San Diego, CA, for Plaintiffs–Appellants.

Timothy C. Stutler, Esq., Office of the U.S. Attorney, Vivian Wai–Ying Shultz, Anna F. Roppo, Esq., Duckor Spradling & Metzger, San Diego, CA, for Defendants–Appellees.

Before: McKAY **, KOZINSKI, and TROTT, Circuit Judges.

## MEMORANDUM ***

█ The district court concluded correctly that because Appellants' arrest and

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Monroe G. McKay, Senior United States Circuit Judge for the Tenth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

imprisonment occurred in Mexico, the foreign country exception to liability under the Federal Tort Claims Act immunized the United States from suit for tortious conduct. *See* 28 U.S.C. § 2680(k); *see also Sosa v. Alvarez–Machain,* 542 U.S. 692, 711, 124 S.Ct. 2739, 159 L.Ed.2d 718 (2004) (holding "that the FTCA's foreign country exception bars all claims based on any injury suffered in a foreign country, regardless of where the tortious act or omission occurred"). In any event, the United States was dismissed as a party to this appeal pursuant to plaintiff's motion.

Appellants argue that California tort law required EG&G to exercise reasonable care by inspecting the car sold to appellants, to prevent the reasonably foreseeable injury of appellants' arrest and imprisonment. However, a company contracting with the federal government cannot be held liable for injuries third parties incur as a result of the contract's execution, where the contract is legal and the company does not breach the terms of the contract. *See Myers v. United States,* 323 F.2d 580, 583 (9th Cir.1963). In such circumstances, any legal duty to a third party must be found in the contract.

According to the terms of its contract with the United States, EG & G had no obligation to inspect the car for contraband. Any independent search of a vehicle had to be authorized via a disposition order issued by the U.S. Customs Service. Appellants have presented no evidence of such an order, they do not allege that EG&G breached the terms of its contract, and there was no contractual duty to inspect the car.

Unable in the district court to prove the existence of a legal duty, appellants assert

for the first time on appeal that EG&G is liable in tort on a products liability theory. Because this claim was not properly pled against EG&G in the district court and it does not otherwise meet any of the recognized exceptions, we decline to consider this issue for the first time on appeal. *See Bolker v. Comm'r of Internal Revenue,* 760 F.2d 1039, 1042 (9th Cir.1985).

**AFFIRMED.**